IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED

JUN 1 2 2017

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST PORTER,<br>　　　　Plaintiff, | : | Civil Division |
| | : | |
| V. | : | No. 17-CV - 763 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS; JOHN E. WETZEL,<br>(Secretary For Department Of<br>Corrections); ROBERT GILMORE,<br>(Super. for SCI Greene);<br>JOHN/JANE DOE'S (1-99), | : | CIVIL RIGHTS LITIGATION<br><br>42 U.S.C. § 1983 |
| | : | |
| Defendants In Their Individual<br>and Official Capacity. | : | JURY TRIAL DEMAND |

## INTRODUCTION

1). Plaintiff, Ernest Porter (Plaintiff hereafter), is a prisoner in the care, custody and control of the Pennsylvania Department of Corrections. For the past thirteen (13) years, Plaintiff has been housed on "Death Row" despite his sentence of death being vacated on June 26, 2003. At all times relevant, and as stated elsewhere in this complaint, Plaintiff has been held in solitary confinement, a condition of confinement found by the Third Circuit Court of Appeals to be atypical to the ordinary standards of prison life. It is alleged that at all times relevant, and as stated elsewhere in this complaint, the named defendants knew and/or either had direct or constructive knowledge that said conditions of confinement which Plaintiff has been subjected to, not only violated his right to due process; his right to a liberty interest, and his right to equal protection under the law, but were deleterious to his mental health, and would likely exacerbate any pre-existing conditions of mental illness Plaintiff may of had, and in direct response to that knowledge, were deliberately indifferent to it.

## JURISDICTION

2). 28 U.S.C. § 1331; § 1332, and § 1343 confer jurisdiction on this court. This action is authorized pursuant to 42 U.S.C. § 1983, to redress the deprivation of rights under the color of state law, as secured by the Fifth, Fourteenth and Eighth Amendments to the United States Constitution. Venue is proper in the Western District of Pennsylvania as all claims arise in the District as prescribed by 28 U.S.C. § 118(c).

-1-

<u>3</u>). Plaintiff seeks declaratory judgement pursuant to 28 U.S.C. § 2201 and § 2202.

<u>4</u>). Plaintiff seeks injunctive relief as prescribed by Rule 65, of the Federal Rules of Civil Procedure.

PARTIES

<u>5</u>). Plaintiff Ernest Porter (AY-7434), (Plaintiff Hereafter), is a prisoner in the care, custody and control of the Pennsylvania Department of Corrections, and has a main mailing address of, 175 Progress Drive, Waynesburg, PA 15370.

<u>6</u>). Defendant Pennsylvania Department of Corrections (Department Hereafter), is a government agency established by, and operating under the laws of the Commonwealth of Pennsylvania, and has a main business address of, 1920 Technology Parkway, Mechanicsburg, PA 17050.

<u>7</u>). Defendant John E. Wetzel (Mr. Wetzel Hereafter), is, upon information and belief, a resident of Pennsylvania, and was at all times relevant, the Secretary of Corrections. Pursuant to 71 P.S. § 186. Mr. Wetzel is charged with creating department guidelines, those of which may not be inconsistent with law, for the government of his respective department, which includes, but is not limited to creating department rules, policies and procedures, including rules which regulate the conduct of his subordinates. Mr. Wetzel has a main employment address of, 1920 Technology Parkway, Mechanicsburg, PA, 17050.

<u>8</u>). Defendant Robert Gilmore, (Mr. Gilmore Hereafter), is upon information and belief, a resident of Pennsylvania, and was at all times relevant, the Superintendent for SCI Greene; The facility of which Plaintiff resides. Mr.Gilmore is charged with upholding department guidelines, those of which may not be inconsistent with law, for the management of his facility, which includes, but is not limited to upholding department rules, policies and procedures, including rules which regulate the conduct of his subordinates. Mr. Gilmore has a main employment address of, 169 Progress Drive, Waynesburg, PA 15370.

<u>9</u>). Defendant John/Jane Doe's (1-99), (John/Jane Doe Hereafter), is, upon information and belief, a resident of Pennsylvania, and was at all times relevant, the SCI Greene; The facility of which Plaintiff resides. John/Jane Doe is charged with upholding department guidelines, those of which may not be inconsistent with law, for the management of his department, which includes, but is not limited to upholding department rules, policies and procedures, including

rules which regulate the conduct of his subordinates. John/Jane Doe has a main employment address of, 169 Progress Drive, Waynesburg, PA 15370.

ALLEGATIONS

<u>10</u>). On June 27, 1987, Plaintiff was tried by a jury and subsequently sentenced to death.

<u>11</u>). Plaintiff has been housed on "death row" since that time, and held in solitary confinement.

<u>12</u>). Plaintiff avers that the conditions of confinement which comprise of solitary confinement are well established; However, to provide a concise description, the following applies:

      a). Twenty-Two (22) to Twenty Four (24) hour lock-down;

      b). Eat, sleep, and use of toilet facilities in cell;

      c). No direct physical contact with any other person, except for two hours in a recreation yard, provided you can trust the person you subject yourself to;

      d). Recreation is in a caged fence Six (6) feet by Ten (10) feet;

      e). No contact visits with loved ones;

      f). Strip searches each time you enter or leave your cell;

      g). Handcuffed and sometimes shackled during all and any movement;

      h). Showered only three times a week;

      i). No music programs;

      j). Denied all tax payer programs/facilities and privileges offered to all population prisoners, which include, but is not limited to: track and field; handball courts; exercising equipment; community Religious programs, meaningful (tutored) education etc.

      k). Law library is held in a single person steel perforated cage Three (3) feet by Four (4) feet.

<u>13</u>). On June 26, 2003, Plaintiff's sentence of death was vacated.

<u>14</u>). On February 9, 2017, the Third Circuit Court of Appeals, in <u>Williams v. Secretary Pennsylvania Department of Corrections</u>, 14-1469 (3rd Cir. 2017), held in pertinent part "Due Process Clause of the Fourteenth Amendment therefore limits the State's ability to subject an inmate to the deprivations of death row once the death sentence initially relied upon to justify such extreme restrictions is no longer operative".

-3-

15). On March 02, 2017, Plaintiff filed an inmate grievance as prescribed by DC-ADM 804, which raised Plaintiff's illegal confinement on "death row", while in solitary confinement, after Plaintiff's sentence of death was vacated; Said grievance was exhausted.

16). Plaintiff avers that above said grievance placed all defendants on notice of Plaintiff's current condition of confinement, that of which was incongruous with the above holdings by the Third Circuit in <u>Williams</u>. <u>ibid</u>.

17). Plaintiff avers that the perpetual condition of solitary confinement thirteen (13) years after his sentence of death was vacated, has caused irreversible damage to Plaintiff's mental health.

18). Upon information and belief, all named defendants have been placed on notice and/or been made aware of the adverse effects of long term solitary confinement on prisoners, and have failed to act outside of legal action, thus have been deliberately indifferent to the mental health and safety of its prisoners.

19). Plaintiff avers that the most recent holdings in <u>Willaims</u>, also placed the Defendants on notice of the adverse effects of long-term solitary confinement, and placed emphasis on the risks to prisoner mental health & safety.

20). Plaintiff avers that after notice, the defendants have knowingly refused to release Plaintiff from solitary confinement, despite being informed that Plaintiff's sentence of death was vacated, and that said failure to release Plaintiff from "death row" was incongruous with the holdings in <u>Williams</u>.

21). Plaintiff avers that the effects suffered from long-time solitary confinement, include, but are not limited to: severe anxiety, depression, panic, paranoia, bipolar mood swings, and at sometimes suicidal impulses. Plaintiff regularly takes depression medication.

22). Plaintiff alleges that all and any provided determinations, hearing and/or reviews on Plaintiff's continued housing on "death row" and/or in solitary confinement by the Program Review Committee is perfunctory and rote.

23). Plaintiff avers that he has remained misconduct free for 20 years.

24). Plaintiff avers that other than his original conviction, Plaintiff has no other incidences of violence in his institutional record.

25). Plaintiff avers that he poses no greater threat to any person; the

ordinary operation of the facility, and/or its security then any other prisoner in population and/or any previous capital case prisoner released into population.

26). Plaintiff avers that the defendants have released other similar situated prisoners from "death row" and/or solitary confinement, and into the prison population. [Kevin Pelzer (BC-9251); Ronald Champaney (EC-0356); Melvin Speight (CC-6923); Alfonso Sanchez; Anthony Washington (CN-6937); & Christopher Williams (BT-3553)].

27). Plaintiff alleges that defendant Mr. Wetzel and/or his predecessor established DC-ADM 6.5.8.

28). Plaintiff alleges that defendant Mr. Wetzel and/or his predecessor established DC-ADM 802.

29). Plaintif avers that the above policies only apply to prisoners with active death sentences.

## COUNT I. DECLARATORY JUDGEMENT
### ALL DEFENDANTS BOTH JOINTLY AND SEVERALLY
### 42 U.S.C. § 2201 AND § 2202

30). Plaintiff incorporates paragraphs 1 through 29, and sets forth the same herein at length.

31). Plaintiff seeks a declaration that the following rights of Plaintiff's have been violated by the defendants:

a). Plaintiff's right to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution has been violated by the defendants;

b). Plaintiff's right to equal protection under the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution has been violated by the defendants;

c). Plaintiff's right to a liberty interest in remaining out of solitary confinement for long periods of time has been violated by the defendants;

d). Plaintiff's Eighth Amendment right to cruel and unusual punishment has been violated by the defendants.

32). As a direct or proximate result of the defendants acts and/or omissions as stated elsewhere in this complaint, Plaintiff has suffered damages to be determined by a jury; Plaintiff also seeks compensatory and punitive damages, court costs, costs of litigation, attorney fees, delay damages, and interest.

## COUNT II. DUE PROCESS
### ALL DEFENDANTS BOTH JOINTLY AND SEVERALLY
#### 42 U.S.C. § 1983

33). Plaintiff incorporates paragraphs 1 through 32, and sets forth the same herein at length.

34). Plaintiff's right to due process has been violated by the defendants in their knowing and intentional failure to provide the due process necessary to protect Plaintiff's right against arbitrary placement in solitary confinement once the sentence of death had been vacated.

35). Plaintiff's right to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution has been violated by the defendants.

36). Defendants have maintained Plaintiff on "death row" and in solitary confinement despite Plaintiff's sentence of death being vacated, and knew or should have known aid acts were violative of Plaintiff's rights as stated elsewhere in this complaint.

37). As a direct or proximate result of the defendants acts and/or omissions as stated elsewhere in this complaint, Plaintiff has suffered damages to be determined by a jury; Plaintiff also seeks compensatory and punitive damages, court costs, costs of litigation, attorney fees, delay damages, and interest.

## COUNT III. LIBERTY INTEREST
### ALL DEFENDANTS BOTH JOINTLY AND SEVERALLY
#### 42 U.S.C § 1983

38). Plaintiff incorporates paragraphs 1 through 37, and sets forth the same herein at length.

39). Plaintiff's right to a liberty interest has been violated by the defendants in their knowing and intentional failure to provide the due process necessary to protect Plaintiff's right against arbitrary placement in solitary confinement once the sentence of death has been vacated.

40). Plaintiff's right to a liberty interest pursuant to the Fifth and Fourteenth Amendments to the United States Constitutions has been violated by the defendants.

41). Defendants have maintained Plaintiff on "death row" and in solitary confinement despite Plaintiff's sentence of death being vacated, and knew or should have known said acts were violative of Plaintiff's rights as stated

-5-

elsewhere in this complaint.

42). As a direct or proximate result of the defendants acts and/or omissions as stated elsewhere in this complaint, Plaintiff has suffered damages to be determined by a jury; Plaintiff also seeks compensatory and punitive damages, court costs, costs of litigation, attorney fees, delay damages, and interest.

## COUNT IV. CRUEL & UNUSUAL PUNISHMENT
### ALL DEFENDANTS BOTH JOINTLY AND SEVERALLY
### 42 U.S.C. § 1983

43). Plaintiff incorporates paragraphs 1 through 42, and sets forth the same herein at length.

44). Plaintiff's right to be free from cruel and unusual punishment has been violated by the defendants knowing and intentional failure to remove Plaintiff from "death-row" as housed in solitary confinement once the sentence of death had been vacated.

45). Plaintiff's right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution has been violated by the defendants.

46). Defendants have maintained Plaintiff on "death row" and in solitary confinement despite Plaintiff's sentence of death being vacated, and knew or should have known said acts were violative of Plaintiff's rights as stated elsewhere in this complaint.

47). As a direct or proximate result of the defendants acts and/or omissions as stated elsewhere in this complaint, Plaintiff has suffered damages to be determined by a jury; Plaintiff also seeks compensatory and punitive damages, court costs, costs of litigation, attorney fees, delay damages, and interest.

## COUNT V. EQUAL PROTECTION UNDER LAW
### ALL DEFENDANTS BOTH JOINTLY AND SEVERALLY
### 42 U.S.C. § 1983

48). Plaintiff incorporates paragraphs 1 through 47, and sets forth the same herein at length.

49). Plaintiff's right to equal protection under the law has been violated by the defendants knowing and intentional failure to remove Plaintiff from "death row" as housed in solitary confinement once sentence of death had been vacated.

50). Plaintiff's right to equal protection under the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution has been violated by the defendants.

51). Defendants have maintained Plaintiff on "death row" and in solitary confinement despite Plaintiff's sentence of death being vacated, and knew or should have known said acts were violative of Plaintiff's rights as stated elsewhere in this complaint.

52). As a direct or proximate result of the defendants acts and/or omissions as stated elsewhere in this complaint, Plaintiff has suffered damages to be determined by a jury; Plaintiff also seeks compensatory and punitive damages, court costs, costs of litigation, attorney fees, delay damages, and interest.

WHEREFORE, pursuant to U.S.C § 1983, Plaintiff, Ernest Porter, demands compensatory damages in the amount not less then Five Hundred Thousand dollars ($500,000.00), and punitive damages in the amount not less then Five Hundred Thousand dollars ($500,000.00), against each defendant both jointly and severally, including all costs of litigation, attorney fees, delay damages, plus interest.

CONCLUSION

WHEREFORE, The Named Plaintiff respectfully prays that this Honorable Court herein, will enter a Judgement granting the Plaintiff the stated relief seeked in each count therein.

Respectfully Submitted,

Ernest Porter

Dated: JUNE 8, 2017

## CERTIFICATE STATEMENT

I, ERNEST PORTER, Plaintiff have read the foregoing document and hereby verify that the matters alleged therein are true. And I certify under the penalties of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S.A. § 4904.

Respectfully Submitted,

Ernest Porter

## CERTIFICATE OF SERVICE

I, ERNEST PORTER, Plaintiff hereby certify that on this day, I am serving a true and correct copy of the foregoing legal civil document onto the individuals and in the manner as indicated below, which service satisfies Pennsylvania Rules of Civil Procedure.

Service by FIRST CLASS MAIL addressed as follows

Office of the Attorney General
6th floor, Manor Complex
564 Forbes Avenue
Pittsburg, PA, 15219

/s/ Ernest Porter, #AY-7434
SCI Greene
175 Progress Drive
Waynesburg, PA, 15370

Dated: JUNE 8, 2017