IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST PORTER,   )<br>   )<br>   Plaintiff,   )<br>   )<br>      v.   )<br>   )<br>PENNSYLVANIA DEPARTMENT OF   )<br>CORRECTIONS, JOHN E. WETZEL,   )<br>ROBERT GILMORE, and JOHN/JANE   )<br>DOES,   )<br>   )<br>   Defendants.   ) | Civil Action No. 17-763<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br><br>Re: ECF No. 13 |

**MEMORANDUM ORDER**

Plaintiff Ernest Porter ("Plaintiff"), an inmate at the State Correctional Institution at Greene ("SCI-Greene"), has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, alleging that Defendants have violated his rights provided by the Eighth and Fourteenth Amendments to the United States Constitution by continuing to confine him in the Capital Case Unit ("CCU") even though his sentence of death has been vacated.[1]

Presently before this Court is a Motion for Preliminary Injunction submitted by Plaintiff, ECF No. 13, wherein Plaintiff largely reiterates the claims set forth in his Complaint, arguing that "for more than 13-years since Plaintiff's Death Sentence had been Vacated the Respondents have kept Plaintiff Illegally Confined under Punitive solitary Confinement at the State Correctional of Greene County, Pennsylvania, and have acted with deliberate indifference to a substantial risk of serious harm." ECF No. 13 ¶ 1. Plaintiff's Motion, as well as his Complaint,

---

[1] Plaintiff was convicted of Murder in the First Degree on June 27, 1986 in the Court of Common Pleas of Philadelphia County, Pennsylvania, and subsequently sentenced to death. ECF No. 21-1 at 4-5 (Criminal Docket for Case No. CP-51-CR-0622491-1985). His conviction and sentence were subsequently affirmed by the Supreme Court of Pennsylvania in an Opinion dated February 8, 1990. Commonwealth v. Porter, 569 A.2d 942 (Pa. 1990).

is based upon the recent decision by United States Court of Appeals for the Third Circuit in Williams v. Sect'y of the Pa. Dept. of Corr., 848 F.3d 549 (3d Cir. 2017), wherein the Court held that "the Due Process Clause of the Fourteenth Amendment . . . limits the State's ability to subject an inmate to the deprivations of death row once the death sentence initially relied upon to justify such extreme restrictions is no longer operative." Id. at 552. Plaintiff contends that because his death sentence has been vacated, his continued confinement in the CCU runs afoul of Williams necessitating his immediate placement in the general population.

A preliminary injunction is an extraordinary and drastic remedy that "should not be lightly indulged in, but used sparingly and only in a clear and plain case." Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, at *6 (W.D. Pa. Sept. 24, 2006), *quoting* Plain Dealer Publ'g Co. v. Cleveland Typographical Union #53, 520 F.2d 1220, 1230 (6th Cir. 1975). See AT&T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994). "[G]reat caution" and "judicial restraint" are particularly called for in the prison context where "complex and intractable problems of prison administration" are implicated. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). See Bailey v. Gagnon, No. 06-1154, 2009 WL 982694, at *1 (W.D. Pa. April 9, 2009).

In determining whether a preliminary injunction is warranted, the District Court is to consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." Monroe v. Bryan, No. 12-1627, 2012 WL 2478375, at *1 (3d Cir. June 29, 2012), *quoting* Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). See Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998) (for an inmate to sustain his burden of proof that he is entitled

to a preliminary injunction, he must demonstrate both a reasonable likelihood of success on the merits and that he will be irreparably harmed if the requested relief is not granted). "[I]t is the movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile v. SCI-Pittsburgh, 2006 WL 2773261, at *6, *quoting* Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). Indeed, because "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits[,]" Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997), irreparable harm is established by showing that the plaintiff will suffer injury that "cannot be redressed by a legal or an equitable remedy following trial." Messner v. Bunner, No. 07-112E, 2009 WL 1406986, at *4 (W.D. Pa. May 19, 2009), *quoting* Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).

Here, it is apparent from the record before the Court that Plaintiff is unable to show a likelihood of success on the merits and therefore his Motion will be denied.

The record shows that Plaintiff filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania on or about May 25, 1999, which was granted in part and denied in part on June 26, 2003. ECF No. 21-1 at 13-27: #1, #109 (Civil Docket for Case No. 2:99-cv-02677). See Porter v. Horn, 276 F. Supp. 2d 278, 364-65 (E.D. Pa. 2003). Specifically, the Court granted relief with respect to Plaintiff's sentence of death, which was concomitantly vacated, and denied the petition in all other respects. Id. The Order also stated, however, that "if either Petitioner or Respondents file an appeal to the United States Court of Appeals for the Third Circuit, the entry of this Order will be stayed pursuant to Eastern District of Pennsylvania Local Rule 9.4(12) pending the disposition of that appeal." Id. Not only did Respondents appeal the granting of habeas relief relative to Plaintiff's sentence to the

3

Third Circuit Court of Appeals but Plaintiff appealed the portion of the Order denying relief on the other issues raised in his habeas petition. ECF No. 21-1 at 26: #112, #114; ECF No. 21-1 at 28-37 (General Docket for Case No. 03-9006 (3d Cir.); ECF No. 21-1 at 38-47 (General Docket for Case No. 03-9007 (3d Cir.)). Consequently, the Order vacating Plaintiff's death sentence was stayed pending the outcome of those appeals. The record shows that those appeals are still pending and thus the Order vacating Plaintiff's death sentence remains stayed. Id.[2] Plaintiff's death sentence therefore is still operative and his continued confinement in the CCU does not violate Williams. Under these circumstances, Plaintiff is unable to show that he is likely to succeed on the merits of his claim and injunctive relief is not warranted.

---

[2] It appears that The Court of Appeals for the Third Circuit entered an order on February 12, 2004, staying the briefing schedules on the parties' respective appeals pending a decision by the United States Supreme Court in *Banks v. Horn*, No. 02-1603. ECF No. 21-1 at 32, 42. Although the stay was lifted on September 8, 2004 following the Supreme Court's decision in *Banks*, Plaintiff subsequently filed two motions on October 22, 2004 and October 27, 2004, respectively, asking that the briefing schedules be temporarily tolled pending the disposition of two other cases then pending in the United States Supreme Court. Id. Plaintiff subsequently withdrew one of those requests and, following the Supreme Court's decision in the second case, the briefing schedules on Plaintiff's cases were reinstated. Id. at 33, 42-43. Plaintiff, however, filed four motions seeking an extension of time of 60 days each to file his brief and appendix, which were all granted. Id. Then, on November 9, 2006, Plaintiff filed a Motion asking to hold the appellate proceedings in abeyance pending the Pennsylvania Supreme Court's disposition of Plaintiff's Petition for State Post-Conviction Relief filed on August 16, 2002, wherein he raised a claim under *Atkins v. Virginia*, 536 U.S.304 (2002). Id. at 33, 43. That motion was granted by the Third Circuit Court of Appeals on February 7, 2007, with the added directive that the parties were to file status reports regarding the PCRA proceedings every 60 days until the conclusion of the state proceedings. Id. at 34, 43-44. Review of the appellate docket sheets show that the latest status report was filed on August 16, 2017, in which it is indicated that Plaintiff's PCRA Petition with respect to the *Atkins* issue has yet to be ruled on. Id. at 37, 47. See id. at 48-50 (8/16/17 Status Report). (It should be noted here that Plaintiff supplemented his PCRA Petition on June 15, 2006, raising a claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Although the PCRA court issued a ruling dismissing the PCRA Petition on November 8, 2007, it did so finding that it was time-barred and did not meet the requirement of *Brady* material. Com. v. Porter, 35 A.3d 4, 7–11 (Pa. 2012). The PCRA court did not address the *Atkins* issue and that portion of the PCRA Petition remains pending. Indeed, in its opinion affirming the denial of post-conviction relief, the Pennsylvania Supreme Court directed the PCRA court "to promptly dispose of appellant's long-pending prior PCRA petition, which raised an issue under *Atkins* . . . ." *Id*. at 7.) As such, the appeals from the District Court's Order granting habeas relief with respect to Plaintiff's death sentence remains pending in the Third Circuit Court of Appeals as well, and the stay imposed by the District Court of its Order vacating Plaintiff's death sentence is still in effect.

Accordingly, the following Order is entered:

AND NOW this 15th day of September, 2017, upon consideration of Plaintiff's Motion for a Preliminary Injunction and Defendants' Response thereto, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc: Ernest Porter
AY7434
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF