# Joint SUF Exhibit 12
# PRC review sheets
# for Ernest Porter AY7434

# Joint SUF Exhibit 13
# Expert Report of Dan Pacholke

# EXPERT REPORT OF DAN PACHOLKE

*ERNEST PORTER VS. JOHN WETZEL, et al.*,
March 27, 2018

INTRODUCTION:

I have been retained as an expert in penology by Staff Attorney Jamelia N. Morgan and Legal Director Bret Grote of the Abolitionist Law Center. I was asked to review documents and determine whether the Pennsylvania Department of Corrections complied with generally accepted practices, principles and standards with regard to the continued review, placement, and management of Ernest Porter on death row since his death sentence was vacated in 2003.

METHODOLOGY

1.  Reviewed legal documents related to Mr. Porter.

2.  Reviewed documents relevant to Mr. Porter placement and management within the Pennsylvania Department of Corrections (PADOC).

3.  Conducted a review of materials related to the management of and conditions of confinement for people housed on death row.


In preparing this report, I have also relied upon my more than thirty-five (35) years of experience and related training and education in the field of adult institutional corrections. This experience includes: Correctional Officer (2.5 years); Lieutenant (3 years); Captain (6 years); Superintendent (5 years); Director of Performance Management (4 years); eight years in administration (Deputy Director Prisons, Director Prisons, Deputy Secretary, and Secretary) in the Washington State Department of Corrections (WADOC). As a high-ranking administrator within a correctional agency, I was required to integrate new case law into the policies and practice of WADOC, amongst my other duties.

I have worked with 20 states and four jurisdictions outside of the continental United States as a consultant with the National Institute of Corrections and New York University and have published a number of articles related to the field. At New York University, I was co-director of Segregation Solutions, an initiative assisting correctional agencies to reduce or eliminate the use of segregation while also maintaining or improving safety in facilities. I co-authored a book and field guide on prison safety, Keeping Prisons Safe, and co-designed the WADOC CORE training program and the Correctional Officer Achievement Program. (See Attachment 1-3: CV)

BACKGROUND:

Ernest Porter is a 56-year-old man who is being housed in the Capital Case Unit (death row) within the Restricted Housing Unit at SCI GraterfordGreene, a maximum-security adult male PADOC correctional facility. Mr. Porter has been held in one of the state's CCUs, since 1986 following his sentence to death when he was 26.  His death sentence was vacated in

District Court in 2003, but despite this, PADOC continues to keep him housed on death row in solitary confinement. Recent case law directed the department to provide a meaningful review of placement for inmates sentenced to death who subsequently receive post-conviction relief.

PLACEMENT DECISION:

In reviewing the decisions of the PADOC, related to the placement and housing of Mr. Porter on death row, I considered the factors below.

1. On June 27, 1986, Mr. Porter was sentenced to death. He was 25 years old.

2. Subsequent to his sentence, he was immediately placed and later formally assigned to PADOC's Capital Case Unit (death row) where he remains to this day.

3. On June 26, 2003, Mr. Porter's petition for habeas corpus relief was granted by the District Court. His sentence was vacated and the court directed that he be resentenced within 180 days or his writ would issue and he would be sentenced to life in prison.

4. On February 9, 2017, the Third Circuit issued its opinion in *Williams v. Secretary Pennsylvania Department of Corrections,* 848 F.3d 549 (3d Cir. 2017), holding that due process limits the PADOC's ability to house inmates on death row without meaningful review of placement once they have been granted post-conviction relief.

5. On March 2, 2017, Mr. Porter filed a grievance requesting that he be moved to general population based on the ruling in *Williams.*

6. On March 20, 2017, PADOC issued an initial review response to Mr. Porter, denying his grievance and noting that Central Office was working on implementing the *Williams* decision but that there had been no changes to current policy.

7.  On March 27, 2017, Mr. Porter filed an appeal to the initial review response to his grievance, stating that he believed that he should be held in general population until the policy was updated.

8.  On April 17, 2017, Mr. Porter submitted a request to the Superintendent of SCI Greene, Robert Gilmore, notifying him that he had not yet received a response to his appeal despite the requirement that this response be issued within fifteen days.

9.  On April 24, 2017, Mr. Porter sent a follow-up letter to Superintendent Gilmore noting again that he had not received a response to his March 27, 2017 appeal.

10. The letter was returned to Mr. Porter with a note on the bottom dated April 25, 2017 stating that his response would be forthcoming.

11. In the Facility Manager's Appeal Response dated April 24, 2017, the initial response to Mr. Porter's grievance was upheld. It reiterated the initial response that Central Office was aware of *Williams* and working on implementation but that because policy remained unchanged, Mr. Porter would remain in the Capital Case Unit.

12. On May 1, 2017, Mr. Porter submitted a final appeal of his grievance to Ms. Dorina Varner in the Secretary's Office of Inmate Grievances and Appeals, restating his claim that in light of *Williams*, he should no longer be housed on death row.

13. On June 2, 2017, Mr. Porter sends a follow-up letter to Ms. Varner stating that he had not received a response to his final appeal and that the thirty day deadline required in PADOC policy had expired.

14. In June of 2018, Mr. Porter will have served 32 years in solitary confinement. According to a PADOC record, he has not been cited for any rule violations.

In 2003, Mr. Porter death sentence was vacated. Despite Mr. Porter no longer being sentenced to death, PADOC has continued to house him on death row. Since then, his disciplinary record indicates that his behavior has been perfect, as it has since he was committed to PADOC custody in 1986.

On February 9, 2017, the Third Circuit issued its opinion in *Williams v. Secretary, PA Department of Corrections, et al.,* holding that inmates on death row who have been granted resentencing hearings have a constitutionally protected liberty interest, thereby requiring a meaningful review for continued placement in solitary confinement on death row while awaiting resentencing. Furthermore, the court stated that this "right to procedural due process protections is neither abstract nor symbolic, but both meaningful and required." (*Williams*, 56). The court, citing *Shoats*, describes factors that it finds to constitute adequate procedural protections to include written notice of the reason for his placement and right to a hearing before the Program Review Committee (PRC), followed by a PRC review every thirty days that takes into account a personal interview with the inmate,

counselor and psychological reports, and other factors related to individual, staff, institutional and public safety. While offering no additional specific requirements, the court was clear that it expected, as it did in *Shoats*, that a review "is not an inconvenient ritual" but rather that "inmates have a right to *regular and meaningful review* of their continued placement on death row" [emphasis theirs] (*Williams*, 58).

Since the *Williams* decision, Mr. Porter has used PADOC's offender grievance process to repeatedly request that he be transferred off death row to general population. At least twice he received a response indicating that a change to policy would be forthcoming in response to the *Williams* decision. Although Mr. Porter's requested a transfer rather than a review of his placement, based on his exemplary disciplinary record, a meaningful review should result in a finding that he should be allowed to live in general population.

Despite having told Mr. Porter that policy would be updated to reflect the opinion in *Williams*, in a deposition taken in December 5, 2017, PADOC Regional Deputy Secretary Steven Glunt stated that any effort to transition an inmate from death row to general population would not occur until there was a final disposition in his case. This is clearly in violation of the requirement established in *Williams* that the PADOC perform a regular and meaningful review of the custody classification of inmates awaiting a final sentence following the vacating of their death sentence.

The factors described by the court in *Williams* as necessary for adequate procedural protections offers this basic framework: 1) written notice of reasoning for placement and opportunity for a hearing; 2) a review every thirty days by a PRC; that 3) includes an inmate interview and professional input.  In my opinion, a meaningful review should also include planning and preparation for the inmate's transition to the general population.

Traditionally, jurisdictions across the country have utilized segregated death row housing (solitary confinement) for those sentenced to death. The historical penological justification for this type of placement was to reduce the inmate's ability to escape and to enhance staff and inmate safety. This was based on the assumption was that these inmates had nothing left to lose. Increasingly however, correctional systems are acknowledging the lack of certainty in these cases. Inmates such as Mr. Porter live for decades on death row while seeking post-conviction relief.  Many eventually have their sentences vacated or die of natural causes. During this time, they have very few privileges. What they do have, such as limited calls with family, becomes critically important to these men. Any negative behavior results in the loss of these minimal privileges, or worse yet, weakens their likelihood of one day living among others in general population should their sentence change. They, in fact, have much to lose.

In the last several years, both the American Correctional Association (ACA) and the Association of State Correctional Administrators (ASCA) have published policy guidelines[1] and developed new standards[2] in an effort to reduce the use and mitigate the harm associated with the prolonged use of solitary confinement. These new briefs and standards apply to those in disciplinary segregation, administrative segregation and those on death row. Through these new standards, different housing strategies have been developed to reduce the use of solitary confinement. Housing people in long-term and/or indeterminate solitary confinement is no longer accepted as the only viable means or a best practice to manage behavior.

Some states, using an objective set of measures to assess an individual's behavior while on death row, have mainstreamed these inmates into general population or less restrictive means of confinement. Even in states such as Washington, where segregation is required by statute for all inmates sentenced to death (RCW 10.95.170), efforts have been made to increase privileges, like dayroom times with others or access to a kiosk for emailing and more frequent calls. I will discuss other states' strategies in further detail later in this report.

ACA standards, though not representing the most progressive or innovative national practices, do set a bar as the basic practices in which all correctional systems should be operating at the very least. They are also the most

---

[1] https://www.asca.net/pdfdocs/9.pdf
[2] The full 2016 standards are available online at www. aca.org. Select "Standards & Accreditation", then "Standards & Committees", and then select "Restrictive Housing Committee".

comprehensive and commonly cited guidelines for federal and state correctional systems in the United States. Included in the Restrictive Housing Performance Based Standards released in 2016 (see footnote 2), is guidance regarding the transition of inmates out of long-term solitary confinement. Below are the basic elements, with my commentary as to why these are important.

1. **Access to congregate programs, increasing out-of-cell time and group interaction.** Congregate activities assist in assessing the participant in several ways. For example, these activities help to determine a person's motivation to change and to safely interact with others. These activities are also necessary for assessing their behavior around others, e.g., do they interact appropriately with the instructors and engage in prosocial practices with their peers in the classroom? Without these opportunities, correctional professionals lack the information they need to adequately assess an inmate's current abilities and limitations in interacting with other people. Currently, Mr. Porter lacks access to the congregant programming or other interactive out-of-cell time that would allow him to further demonstrate his readiness to be placed in general population.

2. **Increased education and program opportunities.** These programs can help address underlying criminogenic needs, which are the factors that research has found most directly relate to an individual's likelihood to re-

offend. Of these, anti-social values, anti-social personality, criminal peers, dysfunctional family, low self-control, substance abuse, and a lack of a prosocial way to occupy one's time, such as work or school, are the criminogenic needs that if addressed, make the biggest impact on future criminal behavior. These programs provide participants with new skills in order for them to live more productively in general population or when released. Absent meaningful programs, the facility or system has abdicated its responsibility to rehabilitate. When Mr. Porter, after receiving post-conviction relief, should have the opportunity to participate in therapeutic or rehabilitative activities. There is no programming available to Mr. Porter on death row. As such, correctional authorities have failed to provide him with the opportunities that would allow him to further demonstrate his commitment to self-betterment and living a productive life in general population.

3. **Structured and progressive levels that include increased privileges as an incentive for positive behavior and/or program participation.** It is a widely accepted concept that providing incentives for positive behavior is more effective than only addressing negative behavior. It does not appear that the unit in which Mr. Porter is housed provides many incentives for positive behavior, but despite this, Mr. Porter has maintained a remarkably positive behavioral record. Here again, without the benefit of living in a unit that manages behavior through a system of

incentives and disincentives, Mr. Porter lacks the opportunity to earn additional privileges and demonstrate to the PRC his willingness and ability to self-manage his behavior.

4. **Step-down or transition programs.** A step-down program includes a system of review with established criteria to prepare an inmate, typically those who have been in segregation for an extended period of time or who cycle through frequently, for transition to the general population or to the community. Through a gradual lifting of restrictions and increased time with others, these inmates are better prepared to self-manage in general population. These programs typically involve a multidisciplinary review team that includes mental health, case management, and security practitioners. This team coordinates behavior response and sets transition goals as it assesses progress. These programs, usually located in specific housing units, are typically designed with the assumption that the transitioning inmates were in segregation due to a lack of ability to self-manage or cope in general population.

Unlike most transitioning inmates, Mr. Porter was placed in solitary confinement due to his death sentence. Assuming his behavior over the past 30 years on death row is an indicator of how he would have behaved had he been sentenced to life, even if he had started in close custody, he would have likely earned his way to medium custody by this point in his

sentence. Mr. Porter may find a transition program to be beneficial in that it offers a more gradual acclimation to general population, or he might be better off in a medium unit with a stable environment.  Unfortunately, under PADOC's current policy, Mr. Porter is not eligible to leave death row and is not afforded the opportunity to examine these options with the PRC and his counselor.

Taking into account the factors above, I would advise PADOC, absent an assessment of his criminogenic needs and appropriate program offering, to employ appropriate strategies for his supportive release to general population. These strategies should include: 1) release to a facility with the approximate outer perimeter security; 2) placement in a medium security general population housing unit with lower level disciplinary issues rather than a higher custody unit with potentially more severe disciplinary issues; 3) assignment to half-time work, education, or self-help programs if ineligible for other programming; 4) enhanced interaction (weekly for the first month, gradually decreasing to monthly) with his assigned counselor for the first 180 days in general population; and 5) access to mental health care providers or group meetings as defined by his adjustment needs.  In light of the *Williams* decision and Mr. Porter's excellent disciplinary record, I see nothing that indicates to me that he should continue to be housed in solitary confinement. It is unnecessary for security purposes, as placement in a facility with approximate outer perimeter security will address any escape concerns. It serves no rehabilitative purpose, as it lessens his ability to pursue

13

programming and meaningful activities. This placement appears to be punitive rather than serving any penological purpose at this time.

**Restricted Housing: National Perspective**

Across the country, a number of states and the federal government have initiated policies to reduce the use of solitary confinement building on the growing recognition that long-term isolation is dangerous, counterproductive, and costly. As referenced above, the Association of State Correctional Administrators (of which Secretary Wetzel is currently Vice-President) issued a briefing paper on Restrictive Status Housing Policy Guidelines on April 9, 2013. The American Correctional Association adopted new performance-based standards in August 2016. Both the ASCA Policy Brief and the new ACA standards speak to the overwhelming consensus that solitary confinement should be used sparingly and requires careful and frequent monitoring and review.

Several states have successfully mainstreamed death-sentenced inmates or eliminated automatic referrals to solitary confinement. Missouri classifies death-sentenced inmates according to the same criteria as all other inmates since 1991 with many death-sentenced inmates mainstreamed into general population. Between 1991 and 2002, Missouri's death-sentenced inmates in general population neither committed nor attempted any inmate-on-staff homicides. They had institutional violence rates similar to those of life-without-parole inmates and

below those of parole eligible inmates. Other states are also mainstreaming death-sentenced inmates. Delaware recently announced that it is disbanding death row and sending those inmates into other housing where they have much more out-of-cell time and may be housed with non-death row inmates. In California, a two-tiered approach has been in place for years, of which one tier more closely resembles a general population high security unit. Additionally, inmates on death row may participate in contact visiting unless they have disciplinary issues.  Colorado has also reformed its practices and no longer automatically places death row inmates in solitary confinement. Virginia recently announced that it made substantial changes to the conditions on death row, including increased outdoor recreation; contact visits; and congregate group activities.

**CONCLUSION**

Mr. Porter is a 56-year-old man who has been in solitary confinement for 30 years (over half his life) and has somehow maintained a perfect disciplinary record over that period of time. His sentenced was vacated in 2003.  Also in 2017, the Third Circuit Court of Appeals held that former death row prisoners could not be maintained in solitary confinement without meaningful review once the capital sentence had been vacated. To date, Mr. Porter has not been released from solitary confinement nor has the agency engaged him in a meaningful review process (as defined by ACA Restricted Housing Performance Standards or the Policy Guidelines published by the Association of State

Correctional Administrators). Mr. Porter has pursued his release from death row
(pursuant to the *Williams* decision) through the PADOC grievance process to no
avail. It is reasonable to conclude that absent court intervention, Mr. Porter will
remain in solitary confinement even though the underlying reason that he is there
has been vacated. Based on the vacatur of his death sentence, his disciplinary
record, and the reasons articulated in the discussion above, I see no reason for
PADOC to continue to house Mr. Porter on death row.


_____          3/27/18

Dan Pacholke                            Date

# Joint SUF Exhibit 14
# Misconduct Report for
# Ernest Porter AY7434

 **Pennsylvania Department of Corrections**
**Misconducts**

mandreetti

6/21/2017 2:34:51 PM

**Inmate Number:** AY7434
**Inmate Name:** PORTER, Ernest

No Misconduct Information found for the selected inmate

# Joint SUF Exhibit 15
# Criminal Docket for Case
# No. CP-09-CR-0001136-2008
# Commonwealth vs. Alfonso Sanchez

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 1 of 43

## CASE INFORMATION

Cross Court Docket Nos: 605 CAP, 3368 EDA 2017

Judge Assigned: Rubenstein, Alan M.

OTN: K 568019-4          LOTN:

Initial Issuing Authority:  Daniel J. Finello Jr.

Arresting Agency:  Warminster Township Police Dept

Complaint/Incident #:

Case Local Number Type(s)

Date Filed: 02/14/2008          Initiation Date: 10/17/2007

Originating Docket No:  MJ-07109-CR-0000376-2007

Final Issuing Authority:  Daniel J. Finello Jr.

Arresting Officer:  Harold, Sean P.

Case Local Number(s)

## STATUS INFORMATION

Case Status:     Closed                                                                    Complaint Date:     10/17/2007

| Status Date | Processing Status |
|---|---|
| 10/13/2017 | Awaiting Appellate Court Decision |
| 06/05/2017 | Awaiting Trial |
| 01/26/2017 | Awaiting Trial - Conviction Reversed |
| 10/27/2014 | Appeal Decided |
| 12/29/2009 | Awaiting Appellate Court Decision |
| 10/22/2008 | Sentenced/Penalty Imposed |
| 10/10/2008 | Awaiting Sentencing |
| 10/10/2008 | Awaiting PSI |
| 09/30/2008 | Awaiting Sentencing |
| 03/28/2008 | Awaiting Trial |
| 03/07/2008 | Awaiting Formal Arraignment |
| 03/07/2008 | Awaiting Pre-Trial Conference |
| 02/25/2008 | Awaiting Formal Arraignment |
| 02/25/2008 | Awaiting Trial |
| 02/14/2008 | Awaiting Formal Arraignment |
| 02/14/2008 | Awaiting Filing of Information |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 2 of 43

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 03/07/2008 | 12:00 pm | 1st Floor, District Attorney's Booth | | Scheduled |
| Formal Arraignment | 03/07/2008 | 2:00 pm | Courtroom A-8 | Judge Alan M. Rubenstein | Scheduled |
| Trial | 03/31/2008 | 9:00 am | 1st Floor, District Attorney's Booth | | Continued |
| Trial | 03/31/2008 | 9:00 am | Courtroom #2 | Judge Alan M. Rubenstein | Continued |
| Trial | 05/05/2008 | 9:00 am | 1st Floor, District Attorney's Booth | | Scheduled |
| Trial | 05/05/2008 | 9:00 am | Courtroom #2 | Judge Alan M. Rubenstein | Scheduled |
| Trial | 09/08/2008 | 9:00 am | 1st Floor, District Attorney's Booth | | Scheduled |
| Trial | 09/08/2008 | 9:00 am | Courtroom #2 | Judge Alan M. Rubenstein | Scheduled |
| Sentencing | 10/22/2008 | 2:00 pm | Courtroom #2 | Judge Alan M. Rubenstein | Scheduled |
| Miscellaneous Criminal Hearings | 06/21/2010 | 10:00 am | Courtroom A-9 | Judge Alan M. Rubenstein | Scheduled |
| Miscellaneous Criminal Hearings | 10/18/2013 | 9:30 am | Courtroom #3 | Senior Judge Albert J. Cepparulo | Scheduled |
| Miscellaneous Criminal Hearings | 04/19/2016 | 9:30 am | Courtroom 340 | Judge Alan M. Rubenstein | Scheduled |
| Miscellaneous Criminal Hearings | 07/13/2016 | 9:30 am | Courtroom 340 | Judge Alan M. Rubenstein | Scheduled |
| Miscellaneous Criminal Hearings | 09/29/2016 | 8:30 am | Courtroom 340 | Judge Alan M. Rubenstein | Moved |
| Miscellaneous Criminal Hearings | 09/29/2016 | 9:30 am | Courtroom 340 | Judge Alan M. Rubenstein | Moved |
| Miscellaneous Criminal Hearings | 11/01/2016 | 9:30 am | Courtroom 340 | Judge Alan M. Rubenstein | Scheduled |
| Miscellaneous Criminal Hearings | 11/01/2016 | 9:30 am | Courtroom 340 | Judge Alan M. Rubenstein | Scheduled |
| Miscellaneous Criminal Hearings | 01/26/2017 | 10:00 am | Courtroom 340 | Judge Alan M. Rubenstein | Scheduled |
| Trial | 10/10/2017 | 9:30 am | | Judge Alan M. Rubenstein | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 04/25/2017 | County Jail | Bucks County Prison | | Yes |

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 3 of 43

## DEFENDANT INFORMATION

Date Of Birth: ▬▬▬▬           City/State/Zip:

Alias Name
Sanchez, Alfonso M.
Sanchez, Alfonzo
Sanchez, Fonz

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Sanchez, Alfonso |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F1 | 18 § 2501 §§A | Criminal Homicide | 10/16/2007 | K 568019-4 |
| 2 | 2 | F1 | 18 § 2501 §§A | Criminal Homicide | 10/16/2007 | K 568019-4 |
| 3 | 3 | F1 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Criminal Homicide | 10/16/2007 | K 568019-4 |
| 4 | 5 | F1 | 18 § 901 §§A | Criminal Attempt - Criminal Homicide | 10/16/2007 | K 568019-4 |
| 5 | 6 | F1 | 18 § 3502 §§A | Burglary | 10/16/2007 | K 568019-4 |
| 6 | 7 | F1 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Burglary | 10/16/2007 | K 568019-4 |
| 7 | 8 | F2 | 18 § 6105 §§A1 | Possession Of Firearm Prohibited | 10/15/2007 | K 568019-4 |
| 8 | 9 | F2 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Possession Of Firearm Prohibited | 10/16/2007 | K 568019-4 |
| 9 | 10 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 10/16/2007 | K 568019-4 |
| 10 | 11 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 10/16/2007 | K 568019-4 |
| 11 | 12 | F1 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Aggravated Assault | 10/16/2007 | K 568019-4 |
| 12 | 13 | F2 | 18 § 2702 §§A4 | Aggravated Assault | 10/16/2007 | K 568019-4 |
| 13 | 14 | F2 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Aggravated Assault | 10/16/2007 | K 568019-4 |
| 14 | 15 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 10/16/2007 | K 568019-4 |
| 15 | 18 | M1 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Poss Instrument Of Crime W/Int | 10/16/2007 | K 568019-4 |
| 16 | 19 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 10/16/2007 | K 568019-4 |
| 17 | 23 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 10/16/2007 | K 568019-4 |
| 18 | 24 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 10/16/2007 | K 568019-4 |
| 19 | 20 | F3 | 18 § 5126 §§A | Flight To Avoid Appreh/Trial/Punish | 10/16/2007 | K 568019-4 |
| 99999 | 4 | F1 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Criminal Homicide | 10/16/2007 | K 568019-4 |
| 99999 | 22 | M2 | 18 § 903 §§A1 | Criminal Conspiracy Engaging - Recklessly Endangering Another Person | 10/16/2007 | K 568019-4 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 4 of 43

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 99999 | 17 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 10/16/2007 | K 568019-4 |
| 99999 | 16 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 10/16/2007 | K 568019-4 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|------------|------------------|-------------------|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Lower Court Proceeding (generic)**

| | | | |
|---|---|---|---|
| Lower Court Disposition | 02/08/2008 | Not Final | |
| 1 / Criminal Homicide | Held for Court (Lower Court) | F1 | 18 § 2501 §§ A |
| 2 / Criminal Homicide | Held for Court (Lower Court) | F1 | 18 § 2501 §§ A |
| 3 / Criminal Conspiracy Engaging - Criminal Homicide | Held for Court (Lower Court) | F1 | 18 § 903 §§ A1 |
| 4 / Criminal Attempt - Criminal Homicide | Held for Court (Lower Court) | F1 | 18 § 901 §§ A |
| 5 / Burglary | Held for Court (Lower Court) | F1 | 18 § 3502 §§ A |
| 6 / Criminal Conspiracy Engaging - Burglary | Held for Court (Lower Court) | F1 | 18 § 903 §§ A1 |
| 7 / Possession Of Firearm Prohibited | Held for Court (Lower Court) | F2 | 18 § 6105 §§ A1 |
| 8 / Criminal Conspiracy Engaging - Possession Of Firearm Prohibited | Held for Court (Lower Court) | F2 | 18 § 903 §§ A1 |
| 9 / Aggravated Assault | Held for Court (Lower Court) | F1 | 18 § 2702 §§ A1 |
| 10 / Aggravated Assault | Held for Court (Lower Court) | F1 | 18 § 2702 §§ A1 |
| 11 / Criminal Conspiracy Engaging - Aggravated Assault | Held for Court (Lower Court) | F1 | 18 § 903 §§ A1 |
| 12 / Aggravated Assault | Held for Court (Lower Court) | F2 | 18 § 2702 §§ A4 |
| 13 / Criminal Conspiracy Engaging - Aggravated Assault | Held for Court (Lower Court) | F2 | 18 § 903 §§ A1 |
| 14 / Poss Instrument Of Crime W/Int | Held for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 15 / Criminal Conspiracy Engaging - Poss Instrument Of Crime W/Int | Held for Court (Lower Court) | M1 | 18 § 903 §§ A1 |
| 16 / Recklessly Endangering Another Person | Held for Court (Lower Court) | M2 | 18 § 2705 |
| 19 / Flight To Avoid Appreh/Trial/Punish | Held for Court (Lower Court) | F3 | 18 § 5126 §§ A |
| 99,999 / Criminal Conspiracy Engaging - Criminal Homicide | Held for Court (Lower Court) | F1 | 18 § 903 §§ A1 |
| 99,999 / Criminal Conspiracy Engaging - Recklessly Endangering Another Person | Held for Court (Lower Court) | M2 | 18 § 903 §§ A1 |
| 99,999 / Poss Instrument Of Crime W/Int | Held for Court (Lower Court) | M1 | 18 § 907 §§ A |
| **Proceed to Court** | | | |
| Information Filed | 03/07/2008 | Not Final | |

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 5 of 43

## DISPOSITION SENTENCING/PENALTIES

**Disposition**

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 1 / Criminal Homicide | Held for Court | F1 | 18 § 2501 §§ A |
| 2 / Criminal Homicide | Held for Court | F1 | 18 § 2501 §§ A |
| 3 / Criminal Conspiracy Engaging - Criminal Homicide | Held for Court | F1 | 18 § 903 §§ A1 |
| 4 / Criminal Attempt - Criminal Homicide | Held for Court | F1 | 18 § 901 §§ A |
| 5 / Burglary | Held for Court | F1 | 18 § 3502 §§ A |
| 6 / Criminal Conspiracy Engaging - Burglary | Held for Court | F1 | 18 § 903 §§ A1 |
| 7 / Possession Of Firearm Prohibited | Held for Court | F2 | 18 § 6105 §§ A1 |
| 8 / Criminal Conspiracy Engaging - Possession Of Firearm Prohibited | Held for Court | F2 | 18 § 903 §§ A1 |
| 9 / Aggravated Assault | Held for Court | F1 | 18 § 2702 §§ A1 |
| 10 / Aggravated Assault | Held for Court | F1 | 18 § 2702 §§ A1 |
| 11 / Criminal Conspiracy Engaging - Aggravated Assault | Held for Court | F1 | 18 § 903 §§ A1 |
| 12 / Aggravated Assault | Held for Court | F2 | 18 § 2702 §§ A4 |
| 13 / Criminal Conspiracy Engaging - Aggravated Assault | Held for Court | F2 | 18 § 903 §§ A1 |
| 14 / Poss Instrument Of Crime W/Int | Held for Court | M1 | 18 § 907 §§ A |
| 15 / Criminal Conspiracy Engaging - Poss Instrument Of Crime W/Int | Held for Court | M1 | 18 § 903 §§ A1 |
| 16 / Recklessly Endangering Another Person | Held for Court | M2 | 18 § 2705 |
| 17 / Recklessly Endangering Another Person | Added by Information | M2 | 18 § 2705 |
| 18 / Recklessly Endangering Another Person | Added by Information | M2 | 18 § 2705 |
| 19 / Flight To Avoid Appreh/Trial/Punish | Held for Court | F3 | 18 § 5126 §§ A |
| 99,999 / Criminal Conspiracy Engaging - Criminal Homicide | Withdrawn | F1 | 18 § 903 §§ A1 |
| 99,999 / Criminal Conspiracy Engaging - Recklessly Endangering Another Person | Withdrawn | M2 | 18 § 903 §§ A1 |
| 99,999 / Poss Instrument Of Crime W/Int | Withdrawn | M1 | 18 § 907 §§ A |

**Guilty**

| | | | |
|---|---|---|---|
| Trial | 09/30/2008 | Not Final | |
| 1 / Criminal Homicide | Guilty | F1 | 18 § 2501 §§ A |
| Rubenstein, Alan M. | 10/22/2008 | 363 Days | |
| Confinement | Life | 10/22/2008 | |
| Costs | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 6 of 43

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |

Sentence Conditions

Defendant advised of Post-Sentence Rights

Consecutive with Ct.2.

| 2 / Criminal Homicide | Guilty | F1 | 18 § 2501 §§ A |
|---|---|---|---|
| Rubenstein, Alan M. | 10/22/2008 | | |
| Death Penalty | | | |
| 3 / Criminal Conspiracy Engaging - Criminal Homicide | Guilty | F1 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 4 / Criminal Attempt - Criminal Homicide | Guilty | F1 | 18 § 901 §§ A |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 5 / Burglary | Guilty | F1 | 18 § 3502 §§ A |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 6 / Criminal Conspiracy Engaging - Burglary | Guilty | F1 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 7 / Possession Of Firearm Prohibited | Proceed to Court | F2 | 18 § 6105 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 8 / Criminal Conspiracy Engaging - Possession Of Firearm Prohibited | Proceed to Court | F2 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 9 / Aggravated Assault | Not Guilty | F1 | 18 § 2702 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 10 / Aggravated Assault | Guilty | F1 | 18 § 2702 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 11 / Criminal Conspiracy Engaging - Aggravated Assault | Guilty | F1 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 12 / Aggravated Assault | Guilty | F2 | 18 § 2702 §§ A4 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 13 / Criminal Conspiracy Engaging - Aggravated Assault | Guilty | F2 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 14 / Poss Instrument Of Crime W/Int | Guilty | M1 | 18 § 907 §§ A |

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Alfonso  Sanchez

Page 7 of 43

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 15 / Criminal Conspiracy Engaging - Poss Instrument Of Crime W/Int | Guilty | M1 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 16 / Recklessly Endangering Another Person | Guilty | M2 | 18 § 2705 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 17 / Recklessly Endangering Another Person | Guilty | M2 | 18 § 2705 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 18 / Recklessly Endangering Another Person | Guilty | M2 | 18 § 2705 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 19 / Flight To Avoid Appreh/Trial/Punish | Guilty | F3 | 18 § 5126 §§ A |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 99,999 / Criminal Conspiracy Engaging - Criminal Homicide | Withdrawn | F1 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 99,999 / Criminal Conspiracy Engaging - Recklessly Endangering Another Person | Withdrawn | M2 | 18 § 903 §§ A1 |
| Rubenstein, Alan M. | 10/22/2008 | | |
| 99,999 / Poss Instrument Of Crime W/Int | Withdrawn | M1 | 18 § 907 §§ A |
| Rubenstein, Alan M. | 10/22/2008 | | |
| **Proceed to Court (Conviction Reversed)** | | | |
| Miscellaneous Criminal Hearings | 01/26/2017 | Not Final | |
| 1 / Criminal Homicide | Proceed to Court (Conviction Reversed) | F1 | 18 § 2501 §§ A |
| 2 / Criminal Homicide | Proceed to Court (Conviction Reversed) | F1 | 18 § 2501 §§ A |
| 3 / Criminal Conspiracy Engaging - Criminal Homicide | Proceed to Court (Conviction Reversed) | F1 | 18 § 903 §§ A1 |
| 4 / Criminal Attempt - Criminal Homicide | Proceed to Court (Conviction Reversed) | F1 | 18 § 901 §§ A |
| 5 / Burglary | Proceed to Court (Conviction Reversed) | F1 | 18 § 3502 §§ A |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 8 of 43

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
| --- | --- | --- | --- |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 6 / Criminal Conspiracy Engaging - Burglary | Proceed to Court (Conviction Reversed) | F1 | 18 § 903 §§ A1 |
| 7 / Possession Of Firearm Prohibited | Proceed to Court (Conviction Reversed) | F2 | 18 § 6105 §§ A1 |
| 8 / Criminal Conspiracy Engaging - Possession Of Firearm Prohibited | Proceed to Court (Conviction Reversed) | F2 | 18 § 903 §§ A1 |
| 9 / Aggravated Assault | Proceed to Court (Conviction Reversed) | F1 | 18 § 2702 §§ A1 |
| 10 / Aggravated Assault | Proceed to Court (Conviction Reversed) | F1 | 18 § 2702 §§ A1 |
| 11 / Criminal Conspiracy Engaging - Aggravated Assault | Proceed to Court (Conviction Reversed) | F1 | 18 § 903 §§ A1 |
| 12 / Aggravated Assault | Proceed to Court (Conviction Reversed) | F2 | 18 § 2702 §§ A4 |
| 13 / Criminal Conspiracy Engaging - Aggravated Assault | Proceed to Court (Conviction Reversed) | F2 | 18 § 903 §§ A1 |
| 14 / Poss Instrument Of Crime W/Int | Proceed to Court (Conviction Reversed) | M1 | 18 § 907 §§ A |
| 15 / Criminal Conspiracy Engaging - Poss Instrument Of Crime W/Int | Proceed to Court (Conviction Reversed) | M1 | 18 § 903 §§ A1 |
| 16 / Recklessly Endangering Another Person | Proceed to Court (Conviction Reversed) | M2 | 18 § 2705 |
| 17 / Recklessly Endangering Another Person | Proceed to Court (Conviction Reversed) | M2 | 18 § 2705 |
| 18 / Recklessly Endangering Another Person | Proceed to Court (Conviction Reversed) | M2 | 18 § 2705 |
| 19 / Flight To Avoid Appreh/Trial/Punish | Proceed to Court (Conviction Reversed) | F3 | 18 § 5126 §§ A |
| 99,999 / Criminal Conspiracy Engaging - Criminal Homicide | Withdrawn | F1 | 18 § 903 §§ A1 |
| 99,999 / Criminal Conspiracy Engaging - Recklessly Endangering Another Person | Withdrawn | M2 | 18 § 903 §§ A1 |
| 99,999 / Poss Instrument Of Crime W/Int | Withdrawn | M1 | 18 § 907 §§ A |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 9 of 43

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| **Name:** Thomas Gary Gambardella | **Name:** Francis John Genovese |
| District Attorney | Court Appointed - Private |
| **Supreme Court No:** 051187 | **Supreme Court No:** 082308 |
| **Phone Number(s):** | **Rep. Status:** Active |
| 215-348-6343 (Phone) | **Phone Number(s):** |
| **Address:** | 610-584-4416 (Phone) |
| Bucks County District Attorney's Office | **Address:** |
| 55 E Court Street | Mullaney & Mullaney |
| Doylestown, PA  18901 | PO Box 1368 |
| | Skippack, PA  19474-1368 |
| | Representing: Sanchez, Alfonso |

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/14/2008 | | Court of Common Pleas - Bucks County |
| Original Papers Received from Lower Court | | | |
| 1 | 02/15/2008 | | Court of Common Pleas - Bucks County |
| Forwarded to ct admin for assignment to Judge | | | |
| 1 | 02/26/2008 | | Sanchez, Alfonso |
| Notice Returned as Undeliverable | | | |
| 1 | 03/05/2008 | | Rubenstein, Alan M. |
| Order Scheduling Hearing | | | |
| Order dated 3/3/08. A hearing is set for 3/7/08 in courtroom A8 at 2pm. | | | |
| Gambardella, Thomas Gary | | | |
| 03/05/2008 | | | |
| McMahon, John J. Jr. | | | |
| 03/05/2008 | | | |
| 1 | 03/07/2008 | | Rubenstein, Alan M. |
| Arraigned | | | |
| vontinuance denied, Motion to Remand-Dismissed | | | |
| 2 | 03/07/2008 | | Commonwealth of Pennsylvania |
| Information Filed | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 10 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 03/10/2008 | | Court of Common Pleas - Bucks County |

Notice of Trial Returned as Undelieverable
Defendant's Copy.

| 2 | 03/10/2008 | | Court of Common Pleas - Bucks County |

Notice of Formal Arraignment Returned
Defendant's Copy

| 1 | 04/08/2008 | | Sanchez, Alfonso |

Notice Returned as Undeliverable

| 1 | 04/18/2008 | | Bucks County District Attorney's Office |

Commonwealth's Requested Questions for Voir Dire

| 1 | 05/13/2008 | | Court of Common Pleas - Bucks County |

Trans filed for March 7, 08 original & 1 copy filed by Denise Fedele-VanWhy (10 pages)
Mandamus signed on 5/20/08.

| 1 | 07/02/2008 | | Bucks County Court Reporter |

Trans filed for May 22, 08 original only filed by Denise Fedele-VanWhy (62 pages)
Mandamus signed on 7/15/08.

| 1 | 09/05/2008 | | Court of Common Pleas - Bucks County |

Trans filed for May 5, 08 original only (40 pages)

| 1 | 09/30/2008 | | Rubenstein, Alan M. |

Guilty
   sentence deferred : death penalty phase of trial.
   as to counts 1&2 guilty of murder of the first degree
   counts 7&8 did not go to jury, separated from case
   motion for demurrer denied cts 9-26
   motion in limine granted

| 2 | 09/30/2008 | | Rubenstein, Alan M. |

Disposition Filed

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 11 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 09/30/2008 | | Bucks County Court Reporter |
| Exhibits Filed | | | |
| 1 | 10/02/2008 | | Rubenstein, Alan M. |
| Hearing Held | | | |
| penalty hearing; sentence deferred courts direction. sentence : Mendez Thomas - Life Lisa Diaz - Death | | | |
| 1 | 10/22/2008 | | Rubenstein, Alan M. |
| Order - Sentence/Penalty Imposed | | | |
| 1 | 10/23/2008 | | Court of Common Pleas - Bucks County |
| Penalty Assessed | | | |
| 2 | 10/23/2008 | | Rubenstein, Alan M. |
| Court Commitment State or County Correctional Institution | | | |
| 1 | 12/03/2008 | | Bucks County Court Reporter |
| Trans filed for Sept 8, 08 9 copies only 1 copy to defendant 1 copy to pa parole board Mandamus signed on 12/3/8 copy to defendant at SCI Camp Hill Inmate # HU2193 | | | |
| 1 | 02/09/2009 | | Court of Common Pleas - Bucks County |
| Trans filed for Sept 15, 08 original & 7 copies filed by Contstance D'Argenio (234 pages) copy to pa parole board, copy to governors office copy to defendant at SCI Houtzdale Inmate # Hu2461 | | | |
| 1 | 03/31/2009 | | Sanchez, Alfonso |
| Case Correspondence | | | |
| Deft requested information & transcripts | | | |
| 1 | 06/04/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 16,17,22. 29th and 30 (935 pages) copy of each to pa parole board. Mandamus signed on 6/4/9. | | | |
| 1 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 10, 08 1 original & 13 copies (297 pages) filed by Denise Fedele-Van Why copy to pa parole board for each defendant | | | |

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 12 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 11, 08 original & 2 copies (354 pages) copy for each deft to pa parole bd | | | |
| 3 | 06/05/2009 | | Court of Common Pleas - Bucks County |
| Copy of trans for Sept 11, 08 sent to defendant | | | |
| 4 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 23, 08 original and 12 copies filed by Denise Fedele-VanWhy (254 pages) copy to pa parole board copy to def at state facility | | | |
| 5 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 25, 08 original & 13 copies filed by Deneise Van Why (212 pages) copy to pa parole board copy to defendant at state facility | | | |
| 6 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 9, 08 original & 9 copies filed by Denise Fedele-Van Why (290 pages) copies to pa parole board copy to defendant at state facility | | | |
| 7 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Oct 2, 08 original & 10 copies filed by Denise Fedele-Van Why (124 pages) copy to pa parole board. copy to defendant at State facility. | | | |
| 8 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 24, 08 original & 11 copies filed by Denise Fedele-VanWhy (192 pages) copy to pa parole board copy to def at SCI facility | | | |
| 9 | 06/05/2009 | | Bucks County Court Reporter |
| Trans filed for Sept 26, 08 original & 13 copies filed by Denise Fedele-Van Why (255 pages) copy to pa parole board copy to def at state facilty | | | |
| 1 | 08/10/2009 | | Sanchez, Alfonso |
| Case Correspondence sent docket entry | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Alfonso Sanchez

Page 13 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/24/2009 | 11/23/2009 | Marino, Helen A. |

Post-Conviction Collateral Relief Act Motion

   Petition for Habeas Corpus and for Collateral Relief from Crml Conviction pursuant to the PCRA Act requesting an Order allowing a Notice of Appeal to be filed Nunc Pro Tunc.
FWD to Court

---

| 1 | 12/03/2009 | | Michael Wiseman |
|---|---|---|---|

   Entry of Appearance

---

| 1 | | | Rubenstein, Alan M. |
|---|---|---|---|

   Appeal Rights from the Conviction and Death Sentence on 10/22/08 Are Reinstated
    Deft.may file a notice of appeal, nunc pro tunc, w/in 30 days of the date of order

Commonwealth of Pennsylvania
  12/08/2009
Marino, Helen A.
  12/08/2009

---

| 1 | 12/29/2009 | | Marino, Helen A. |
|---|---|---|---|

  Notice of Appeal to the Supreme Court
   from the sentence on 10/22/08

Bucks County Court Reporter
  12/29/2009
Gambardella, Thomas Gary
  12/29/2009
Rubenstein, Alan M.
  12/29/2009

---

| 2 | 12/29/2009 | | Marino, Helen A. |
|---|---|---|---|

  Motion to Proceed In Forma Pauperis and For Appointment of Counsel
   fwd.for consideration

---

| 1 | 01/08/2010 | | Rubenstein, Alan M. |
|---|---|---|---|

  Concise Statement Order

Commonwealth of Pennsylvania
  01/08/2010
Marino, Helen A.
  01/08/2010

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 14 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 01/25/2010 | | Supreme Court of Pennsylvania - Eastern District |

Docketing Statement from Supreme Court
605 CAP

| 1 | 01/27/2010 | | Marino, Helen A. |

Motion for Withdraw as Counsel

for stay of the court's 1/8/10 order directing a concise statment of matters and renewed motion for the appt. of counsel

fwd.for consideration
Commonwealth of Pennsylvania
01/27/2010

| 1 | 03/04/2010 | | Bucks County Court Reporter |

Trans filed for Oct 22, 08 original & 8 copies filed by Constance D'Argenio (19 pages)

| 1 | 03/17/2010 | | Rubenstein, Alan M. |

Opinion
Commonwealth of Pennsylvania
03/17/2010
Marino, Helen A.
03/17/2010
Supreme Court of Pennsylvania -
Middle District
03/17/2010

| 1 | 03/24/2010 | | Smithson, Mary K. |

Service of the List of Record Documents Filed
Commonwealth of Pennsylvania
03/24/2010
Marino, Helen A.
03/24/2010

| 2 | 03/24/2010 | | Smithson, Mary K. |

Complete Record Sent to Appellate Court

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 15 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/01/2010 | | Superior Court of Pennsylvania - Eastern District |

Supreme Court Order

    The trial court is ordered to rule on counsel's motion to withdraw, motion requesting IFP status and appt.of new counsel

---

| 1 | 04/27/2010 | | Supreme Court of Pennsylvania - Eastern District |

Certificate of Remittal/Remand of Record

---

| 1 | 05/04/2010 | | Rubenstein, Alan M. |

Order Granting Motion to Proceed In Forma Pauperis

Bucks County Court Administration
  05/04/2010
Commonwealth of Pennsylvania
  05/04/2010
Marino, Helen A.
  05/04/2010

---

| 2 | 05/04/2010 | | Rubenstein, Alan M. |

Order Scheduling Hearing on Motion for Withdraw as Counsel and Appointment of New Counsel
  Hrg.scheduled for 6/21/10

Bucks County Court Administration
  05/04/2010
Commonwealth of Pennsylvania
  05/04/2010
Marino, Helen A.
  05/04/2010

---

| 1 | 05/26/2010 | | McMahon, John J. Jr. |

Entry of Appearance

---

| 1 | 06/04/2010 | | Boylan, Rea B. |

Order Granting Motion for Writ of Habeas Corpus - Ad Prosequendum

    And Now, June 3, 2010, It Is Ordered And Decreed That A Writ Of Habeas Corpus Ad Prosequendum Be Issued To The Warden At SCI Greene Requiring Him To Produce The Body Of Alfonso Sanchez On Monday, 06/21/2010 At 9:30AM For A Hearing At Bucks County Courthouse, Doylestown, PA And There To Remain Until The Conclusion Of The Hearing And After His Appearance Before The Court To Be Returned To SCI Greene.

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 16 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 06/21/2010 | | Rubenstein, Alan M. |

Hearing Held

Appointment of new counsel - Pennsylvania Capital Representation Project is appointed.    Courts  opinion  to stand.  90 days for counsel to review transcripts and file appeal. Copy of transcript to be provided

| 1 | 06/22/2010 | | McMahon, John J. Jr. |

Petition to Concise Statement of the Matters Complained on Appeal

fwd.

| 2 | 06/22/2010 | | McMahon, John J. Jr. |

Concise Statement of the Matters Complained on Appeal

| 1 | 06/24/2010 | | McMahon, John J. Jr. |

Case Correspondence

Letter dtd 3/6/08 addressed to COC enclosing copies of 1925(b) statement and petition to File Nunc Pro Tunc.

| 1 | 07/12/2010 | | Bucks County Court Reporter |

Trans filed for June 21, 10 original only filed by Denise Fedele-VanWhy (14 pages)

2 copies filed on 7/12/10

| 1 | 07/13/2010 | | Smithson, Mary K. |

Defendant's copy of transcripts sent to CSI Graterford

| 1 | 09/17/2010 | | Marino, Helen A. |

Motion for Extension of Time to File Statement of Errors Complained of on Appeal

fwd.

| 1 | 09/30/2010 | | Rubenstein, Alan M. |

Order Granting Motion for Extension

The date for appellant to file a statement of errors is extendd to 1/15/11

Commonwealth of Pennsylvania

09/30/2010

Marino, Helen A.

09/30/2010

| 1 | 10/28/2010 | | Sanchez, Alfonso |

Case Correspondence

Deft requested Docket Entries. Sent 10/28/10.

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 17 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/29/2010 | | Sanchez, Alfonso |

Case Correspondence
   The info for the Court Reporters

| 1 | 01/14/2011 | | Nolas, Billy H. |

Entry of Appearance
Bucks County District Attorney's Office
01/14/2011

| 2 | 01/14/2011 | | Marino, Helen A. |

Appelants Unopposed Motion for Extension of Time to file statement of errors complained of on appeal
   fwd
Bucks County District Attorney's Office
01/14/2011
Rubenstein, Alan M.
01/14/2011

| 3 | 01/14/2011 | | Marino, Helen A. |

Application for Approval of Statement in Absence of Transcript Pursuant and/or to Correct the record
   Pursuant to Pa.R.A.P. 1923 and/or 1926
   fwd

| 1 | 01/25/2011 | | Rubenstein, Alan M. |

Concise Statement Order
   and now this 25th day of January 2011 it is hereby ordered that the date for appellant to file a statement of errors complained of on appeal is extended to 2/14/2011. No further esxtensions of time will be granted
Bucks County District Attorney's Office
01/25/2011
Marino, Helen A.
01/25/2011

| 1 | 02/14/2011 | | Marino, Helen A. |

Concise Statement of Errors Complained on Appeal
Bucks County District Attorney's Office
02/14/2011
Rubenstein, Alan M.
02/14/2011

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 18 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 04/26/2011 | 04/26/2011 | Rubenstein, Alan M. |

Supplemental Opinion
dated 4/26/2011

Bucks County District Attorney's Office
04/26/2011
Marino, Helen A.
04/26/2011
Nolas, Billy H.
04/26/2011
Supreme Court of Pennsylvania -
Eastern District
04/26/2011

---

| 1 | 05/02/2011 | | Smithson, Mary K. |
|---|---|---|---|

Service of the List of Record Documents Filed

Bucks County District Attorney's Office
05/02/2011
Marino, Helen A.
05/02/2011
Nolas, Billy H.
05/02/2011
Rubenstein, Alan M.
05/02/2011

---

| 2 | 05/02/2011 | | Smithson, Mary K. |
|---|---|---|---|

Complete Record Sent to Appellate Court
to Supreme court

---

| 1 | 06/02/2011 | | Nolas, Billy H. |
|---|---|---|---|

Motion for a Ruling on Appellant's Application for approval of statement in absence of transcript
and/or to correct the record pursuant to PA.R.A.P. 1923 and/or 1926
fwd
return to file 6/17/11

---

| 1 | 11/15/2011 | | Smithson, Mary K. |
|---|---|---|---|

Additional Material Sent to Appellate Court
verdict sheet dated 9/30/2008

---

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 19 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Bucks County District Attorney's Office
11/15/2011
Marino, Helen A.
11/15/2011
Nolas, Billy H.
11/15/2011
Rubenstein, Alan M.
11/15/2011

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 1 | 12/23/2011 | | Smithson, Mary K. |

Additional Material Sent to Appellate Court

Motion for ruling on appellant's application for approval of statement in absence of transcript and or to correcct the record pursuant to PA. R.A.P. 1923 and/or 1926

Bucks County District Attorney's Office
12/23/2011
Marino, Helen A.
12/23/2011
Nolas, Billy H.
12/23/2011
Rubenstein, Alan M.
12/23/2011

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 2 | 12/23/2011 | | Marino, Helen A. |

Motion to Correct the Record Pursuant to Pa.R.APP.P. 1926

fwd

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 1 | 01/06/2012 | | Bucks County District Attorney's Office |

Brief for Appellee Filed in Supreme Court

Copy in file

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 2 | 01/06/2012 | | Bucks County District Attorney's Office |

Petition for Allowance of Over-Pagination of Appellee's Brief Filed in Supreme Court

Copy in file

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 20 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 01/31/2012 | 01/27/2012 | Rubenstein, Alan M. |

Order Granting Motion to Correct the Record Pursuant to PA. R. App. P. 1926

    Upon consideration of Appellant's Motion to Correct the Record and the response, if any, it is hereby ordered that the Motion is GRANTED; it is further ordered that the Clerk of Courts shall promptly forward the Motion to Correct the Record and the attached exhibits and all addt'l verdict sheets from 9/30/08 to the PA Supreme Court and that the exhibits to the Motion to Correct the Record and verdict sheets are certified as true and correct copies of part of the record on appeal in this case.

Bucks County District Attorney's Office
01/27/2012
Marino, Helen A.
01/27/2012

---

| 1 | 02/09/2012 | | Smithson, Mary K. |

Record Corrected and Returned to Supreme Court
    per order dated 01/31/12

Bucks County District Attorney's Office
    02/09/2012     Hand Delivered
Marino, Helen A.
    02/09/2012     Mailed
Rubenstein, Alan M.
    02/09/2012     Interoffice
Supreme Court of Pennsylvania -
Eastern District
    02/09/2012

---

| 1 | 07/24/2013 | | Sanchez, Alfonso |

Motion for Return of Property
    Forward to court

---

| 1 | 09/20/2013 | | Cepparulo, Albert J. |

Order Scheduling Hearing

    A Video Conference is set for 18th day of October 2013 at 9:30 am in CR No. 3 o fth Bucks County Courthouse.

Commonwealth of Pennsylvania
09/23/2013
Sanchez, Alfonso
09/23/2013

---

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 21 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 10/01/2013 | | Bateman, Wallace H. Jr. |

Order Granting Motion for Writ of Habeas Corpus - Ad Prosequendum

A Writ is issued to the Warden at SCI Greene requring him to produce Deft on October 18, 2013 at 9 am nd remain until conclsuion of Hearing and after his appearance be returned.

---

| 1 | 10/18/2013 | | Cepparulo, Albert J. |

Hearing Held

$373 will go towards court costs; $266.66 returned to claimant.

---

| 1 | 02/06/2014 | 01/14/2014 | Bucks County District Attorney's Office |

Answer in Opposition to Petition for Reargument/Reconsideration

Answer is Opposition to Petition for Reargument/Reconsideration. Answer in opposition to petition for reargument/reconsideration from the Orer of the Pennsylvania Supreme Court, Entered December 17, 2013.

Bucks County District Attomey's Office
02/06/2014
Rubenstein, Alan M.
02/06/2014
Superior Court of Pennsylvania -
Eastern District
02/06/2014

---

| 1 | 03/05/2014 | | Sanchez, Alfonso |

Case Correspondence

Letter written to Judge Rubenstein from defendant regarding video conference.

---

| 1 | 09/11/2014 | | Sanchez, Alfonso |

Case Correspondence

sent deft copy of sentence sheet from 10/22/08

---

| 1 | 10/22/2014 | | Supreme Court of Pennsylvania - Eastern District |

Case Correspondence

Letter came to hand, placed in file.

---

| 1 | 10/27/2014 | | Supreme Court of Pennsylvania - Eastern District |

Certificate of Remittal/Remand of Record

---

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 22 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 10/27/2014 | 12/17/2013 | Supreme Court of Pennsylvania - Eastern District |

Supreme Court Decision
  Judgment of Sentence is AFFIRMED.
  There is a concurring Opinion from Mr. Justice Saylor
  There is a concurring Opinion from Mr. Justice Castille

| 3 | 10/27/2014 | 12/17/2013 | Supreme Court of Pennsylvania - Eastern District |

Supreme Court Concurring Opinion
  Mr. Justice Saylor:  concurring Opinion

| 4 | 10/27/2014 | 12/17/2013 | Supreme Court of Pennsylvania - Eastern District |

Supreme Court Concurring Opinion
  Concurring Opinion: Mr. Chief Justice Castille

| 1 | 01/08/2015 | | Cepparulo, Albert J. |

Order Granting Motion for Return of Property

| 1 | 01/22/2015 | | Nolas, Billy H. |

Emergency Moton for Stay of Execution
  Forward to court

| 1 | 01/23/2015 | | Bucks County District Attorney's Office |

Answer Filed

| 1 | 01/30/2015 | | Sanchez, Alfonso |

Post-Conviction Relief Act Petition Filed
Bucks County District Attorney's Office
  01/30/2015          Hand Delivered
Sanchez, Alfonso
  01/30/2015          First Class
Lev, Stuart Brian
  12/22/2015

| 1 | 02/03/2015 | 02/03/2015 | Rubenstein, Alan M. |

Order Granting Emergency Motion for a Stay of Execution
  AND NOW, this 3rd day of February, 2015, the EMERGENCY MOTION FOR A STAY OF EXECUTION is GRANTED.
  Alfonso Sanchez, through counsel, has filed a Motion for Post-Conviction Collateral Relief on January 30, 2015.

Printed:  06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 23 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Bucks County District Attorney's Office
02/04/2015
Nolas, Billy H.
02/04/2015

---

| 1 | 09/03/2015 | | Sanchez, Alfonso |

Motion to Preclude Counsel of Record from Submitting Unauthorized Legal Filings Pursuant to Rule 902

    PA Rule 576 letter sent to defendant. Copy to DA and PD.

---

| 1 | 11/12/2015 | | Bucks County District Attorney |

Motion for Court ot Appoint Consel and Estalblish Scheduling Order

    Forward to court

---

| 1 | 11/23/2015 | | Stewart, Loren Dougherty |

Entry of Appearance

---

| 1 | 12/08/2015 | 12/07/2015 | Rubenstein, Alan M. |

Order Appointing Counsel/Order Directing Answer be Filed/Order Scheduling Hearing

This Court has received a Notice of Entry of Appearance from Stuart B. Lev, Esquire, Federal Community Defender Office for the Eastern District of Pennsylvania, and an accompanying "Petitioner's Statement Regarding Counsel for PCRA Pleadings" signed by Alfonso Sanchez requesting representation. Therefore, the appointment of Stuart B. Lev, Esquire is hereby GRANTED.

AND NOW, this 7th day of December, 2015, the Federal Community Defender Office shall have ninety (90) days from the date of this Order to file an Amended Petition for Post-Conviction Relief in supplement to the Pro Se Motion for Post-Conviction Collateral Relief filed by Alfonso Sanchez on January 30, 2015.
The Commonwealth shall have thirty (30) days to file an answer to the Amended Petition.

A hearing upon this Post-Conviction Relief Act Petition is scheduled for TUESDAY, APRIL 19, 2016 at 10:00 a.m. in COURTROOM NO 340. BUCKS COUNTY JUSTICE CENTER, 100 N. MAIN ST., DOYLESTOWN, PA 18901.

THE SHERIFF OF BUCKS COUNTY IS DIRECTED TO TRANSPORT ALFONSO SANCHEZ TO THE BUCKS COUNTY JUSTICE CENTER FOR THIS HEARING.
IN COMPLIANCE WITH THE COOPERATION AGREEMENT RELATING TO CONFLICTS OF COUNSEL IN THE FIVE-COUNTY SOUTHEASTERN AREA, INCLUDING THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, THE COURT ADMINISTRATOR FOR BUCKS COUNTY IS DIRECTED TO NOTIFY THESE COURTS OF YOUR ATTACHMENT IN BUCKS COUNTY FOR THE SPECIAL LISTINGS.
Bucks County Court Administration

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 24 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

12/08/2015
Bucks County District Attorney's Office
12/08/2015
Bucks County Sheriff
12/08/2015
Lev, Stuart Brian
12/08/2015

---

| 1 | 01/27/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Motion to Modify Scheduling Order
   Fwd for consideration

---

| 1 | 02/17/2016 | 02/12/2016 | Rubenstein, Alan M. |
|---|---|---|---|

Order Denying Motion to Modify the Briefing Schedule

   AND NOW, this 12th day of February, 2016, upon consideration of the Motion to Modify the Briefing Schedule filed by the Petitioner Alfonso Sanchez, and the response to this Motion filed by the Commonwealth (via letter of February 1, 2016 attached), the Motion to Modify the Briefing Schedule is DENIED.

   As noted in this Court's prior Order of December 7, 2015, the Federal Community Defender Office shall file an Amended Petition for Post-Conviction Relief by Monday, March 7, 2016.

Bucks County District Attorney's Office
02/18/2016
Bucks County Sheriff
02/18/2016
Lev, Stuart Brian
02/18/2016

---

| 1 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Post-Conviction Relief Act Petition Filed
Bucks County Court Administration
03/07/2016
Bucks County District Attorney's Office
03/07/2016

---

| 2 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume I

   Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume I

---

CPCMS 9082

Printed: 06/27/2016

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 25 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 03/07/2016 | | Lev, Stuart Brian |

Appendix to Petition for PCRA - Volume II

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume II

| 4 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume III

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume III

| 5 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume IV

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume IV

| 6 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume V

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume V

| 7 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume VI

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume VI

| 8 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume VII

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume VII

| 9 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume VIII

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume VIII

| 10 | 03/07/2016 | | Lev, Stuart Brian |
|---|---|---|---|

Appendix to Petition for PCRA - Volume IX

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume IX

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Alfonso Sanchez

Page 26 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 11 | 03/07/2016 | | Lev, Stuart Brian |

Appendix to Petition for PCRA - Volume X

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume X

| 12 | 03/07/2016 | | Lev, Stuart Brian |

Appendix to Petition for PCRA - Volume XI

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume XI

| 13 | 03/07/2016 | | Lev, Stuart Brian |

Appendix to Petition for PCRA - Volume XII

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume XII

| 14 | 03/07/2016 | | Lev, Stuart Brian |

Appendix to Petition for PCRA - Volume XIII

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 et seq. - Volume XIII

| 15 | 03/07/2016 | | Lev, Stuart Brian |

Appendix to Petition for PCRA - Volume XIV

| 1 | 03/09/2016 | | Finley, Jeffrey L. |

Order Granting Motion for Writ of Habeas Corpus - Ad Prosequendum

Order dated 3/9/2016 to be issued to the Warden at SCI Greene requiring him to produce the body of Alfonso Sanchez on 4/19/2016 at 930 a.m.

| 1 | 03/21/2016 | | Bucks County District Attorney's Office |

Discovery Filed

| 1 | 03/31/2016 | | Commonwealth of Pennsylvania |

Discovery Filed

| 1 | 04/06/2016 | | Bucks County District Attorney's Office |

Commonwealth's Answer is Opposition to Petition for Post-Conviction Relief

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 27 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/19/2016 | | Lev, Stuart Brian |

Motion for Leave to Amend and Supplement Petition for Writ of Habeas Corpus

   fwd to court

   Returned to file

---

| 2 | 04/19/2016 | | Rubenstein, Alan M. |

PCRA Hearing Held

   PCRA Petition for Discovery Denied. The following were Granted: Copies of 4 discs of crime scene photos, Policy for protocol of stun device, visitor logs from BCCF/Berks.

---

| 1 | 05/13/2016 | | Rubenstein, Alan M. |

Order Scheduling Hearing

   AND NOW, this 11th day of May, 2016, hearing upon the PCRA upon agreement of counsel, is scheduled for Wed. 7/13/2016, at 10:00 a.m. in Crtroom #340, Bucks County Justice Center, 100 N. Main Street, Doylestown, PA.

The Sheriff is directed to Transport Alfonso Sanchez to the Bucks County Justice Center for this Hearing.

In Compliance with the cooperation agreement relating to conflicts of counsel in the five-county Southeastern Area, including the US District Court for the Eastern District of PA, the Court Administrator for Bucks County is Directed to Notify these courts of your attachment in Bucks County for this special listing.

Copy of Order fwded to Steven B. Lev, Esquire

Bucks County Court Administration

   05/13/2016

Bucks County Sheriff

   05/13/2016

Commonwealth of Pennsylvania

   05/13/2016

Lev, Stuart Brian

   05/13/2016

---

| 1 | 05/19/2016 | | Bucks County District Attorney's Office |

Discovery Filed

---

| 1 | 06/03/2016 | | Finley, Jeffrey L. |

Order Granting Motion for Writ of Habeas Corpus - Ad Prosequendum

   Order dated 6/3/2016 to be issued to the Warden at SCI Greene requiring him to produce the body of Alfonso Sanchez on 7/13/2016 at 10:00 a.m.

---

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 28 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 06/06/2016 | | Lev, Stuart Brian |

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief - Volume XV

Appendix to Petition for Writ of Habeas Corpus and for Collateral Relief from Criminal Conviction Pursuant to the Post Conviction Relief Act, 42 PA.C.S. 9541 Et Seq. Volume XV

---

| 1 | 06/20/2016 | | Bucks County Court Reporter |

Trans filed for April 19, 2016 original only filed by Tecla Sola (145 pages)

Mandamus signed on 8/8/2016

---

| 1 | 07/13/2016 | | Rubenstein, Alan M. |

Order Granting Continuance of Hearing

PCRA Hearing to be continue to date agreed upon by Counsel.

---

| 2 | 07/13/2016 | | Court of Common Pleas - Bucks County |

Exhibits Filed

D4- large binded booklets (not scanned)

---

| 1 | 07/15/2016 | | Rubenstein, Alan M. |

Order Scheduling Hearing

AND NOW, this 14th day of July 2016, hearings upon this PCRA petition are scheduled for Thursday, September 29 and Friday, September 30, 2016 at 10 am in Courtroom 340.

Bucks County District Attorney
07/18/2016
Lev, Stuart Brian
07/18/2016

---

| 1 | 07/29/2016 | | Lev, Stuart Brian |

Motion to Reschedule Evidentiary Hearing dates

FWD to Court

---

| 2 | 08/01/2016 | | Rubenstein, Alan M. |

Order Scheduling Hearing

Order dtd 7/29/16 the hearing upo this PCRA Petition previously scheduled for Thursday, September 29, 2016 and Friday September 3, 2016 are continued at the request of petitioner's counsel and without opposition by the Commonwealth.   These hearings are re-scheduled   for Tuesday, November 1 and Wednesday, November 2, 2016 in Courtroom 340.

---

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 29 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| 1 | 09/27/2016 | | Bucks County Court Reporter |
|---|---|---|---|

Trans filed for July 13, 2016 original & 1 copy filed by Denise Fedely-VanWy (221 pages)

Sanchez, Alfonso

09/27/2016

| 1 | 10/18/2016 | | Finley, Jeffrey L. |
|---|---|---|---|

Order Granting Motion for Writ of Habeas Corpus - Ad Prosequendum

MISC hearing scheduled 11/1/2016 at 9:30 am

| 1 | 10/26/2016 | | Bucks County District Attorney's Office |
|---|---|---|---|

Discovery Filed

| 1 | 10/31/2016 | | Bucks County District Attorney's Office |
|---|---|---|---|

Discovery Filed

| 1 | 11/01/2016 | | Bucks County District Attorney's Office |
|---|---|---|---|

Additional Discovery Filed

| 1 | 11/02/2016 | | Rubenstein, Alan M. |
|---|---|---|---|

Order Granting Continuance of Hearing

Csae to be continued to a date agreed upon by Counsel.

| 2 | 11/02/2016 | | Court of Common Pleas - Bucks County |
|---|---|---|---|

Exhibits Filed

| 1 | 11/28/2016 | 11/22/2016 | Rubenstein, Alan M. |
|---|---|---|---|

Order Scheduling Hearing

And Now, this 22nd day of November, 2016, Hearings up this Post-Conviction Act Petition, are scheduled for Thrusday, January 26, 2017 and Friday, January 27, 2017 at 10:00am in courtroom 340, Bucks County Justice Center, 100 N. Main Street, Doylestown, PA.

The Sheriff of Bucks County is directed to Transcport the defendant to the Bucks County Justice Center for this hearing.

Bucks County Court Administration

11/29/2016          E-Mail

Bucks County District Attorney's Office

11/29/2016          E-Mail

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Alfonso Sanchez

Page 30 of 43

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Bucks County Sheriff
11/29/2016     E-Mail
Lev, Stuart Brian
11/29/2016     First Class

---

| 1 | 12/08/2016 | | Bucks County Court Reporter |

Trans filed for November 2, 2016 original only filed by Mary F Saile (154 pages)

---

| 1 | 01/05/2017 | | Finley, Jeffrey L. |

Order Granting Motion for Writ of Habeas Corpus - Ad Prosequendum
    MISC hearing 1/26/2017 at 10 am

Bucks County District Attorney
01/05/2017
Bucks County District Attorney's Office
01/05/2017

---

| 1 | 01/27/2017 | 01/26/2017 | Rubenstein, Alan M. |

Order Granting Post-Conviction Relief Act Petition

    And Now, this 26th day of January, 2017, by agreement of the parties, it is hereby ordered that Petitioner is GRANTED relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S. 9541, et seq.  The previous judgement of sentence, imposed on October 22, 2008, is vacated and a new trial is Ordered.

Bucks County District Attorney
01/27/2017
Finley, Jeffrey L.
01/27/2017
Lev, Stuart Brian
01/27/2017

---

| 1 | 02/06/2017 | | Bucks County Court Reporter |

Trans filed for January 26, 2017 original only filed by Tecla Sola (13 pages)

---

| 1 | 02/21/2017 | | Sanchez, Alfonso |

Pro Se Motion Filed

    "Motion for Double Jeopardy Pursuant to 18 Pa.C.S.109(q) and Consolidated Memorandum" filed pro se.
    Sent defendant 576(a4) letter.
    Placed in file.

    Sent Copies to Stuart Lev, Federal Community Defenders Office and to the Bucks County District Attorneys Office.

---

CPCMS 9082                           Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 31 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/27/2017 | | Bucks County District Attorney's Office |

Motion for Hearing to Appoint Counsel and/or Schedule Trial Date
  fwd for consideration.

| 1 | 03/02/2017 | | Lev, Stuart Brian |
|---|---|---|---|

Defendant's Response to Commonwealth's Motion for Hearing to Appoint Counsel
  Fwd to court

| 1 | 04/03/2017 | | Rubenstein, Alan M. |
|---|---|---|---|

Case Correspondence
  Letter written from Judge Rubenstien to DA and Lev, Esq, enclosing copy of pro se "Motion for Double Jeopardy"
  filed by defendant.
Bucks County District Attorney
03/31/2017
Lev, Stuart Brian
03/31/2017

| 1 | 04/10/2017 | | Sanchez, Alfonso |
|---|---|---|---|

Motion to Vacate Appointment
  Filed by Atty Abaza

| 2 | 04/10/2017 | | Bateman, Wallace H. Jr. |
|---|---|---|---|

Order Granting Motion for Appointment of Counsel
  Jonas and Abaza are court appointed.

| 1 | 04/25/2017 | | Bateman, Wallace H. Jr. |
|---|---|---|---|

Order Granting Motion for Change of Counsel
  Sharif Abaza is hereby vacated and Francis Genovese is appointed as counsel for defendant. The appointment
of Charles Jonas is unaffected by this order.

| 1 | 05/05/2017 | | Bucks County District Attorney |
|---|---|---|---|

Motion for Status Hearing
  fwd to court

| 2 | 05/05/2017 | | Genovese, Francis John |
|---|---|---|---|

Entry of Appearance

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 32 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 05/09/2017 | | Genovese, Francis John |

Request for Bill of Particulars

| 2 | 05/09/2017 | | Genovese, Francis John |

Request for Pre-Trial Discovery

| 1 | 05/10/2017 | | Genovese, Francis John |

Certification of Defense Counsel in Capital Case

| 1 | 05/11/2017 | | Jonas, Charles D. |

Certification of Defense Counsel in Capital Case

| 1 | 05/18/2017 | | Bucks County District Attorney's Office |

Discoverable materials (cover letter only)

| 1 | 06/06/2017 | 06/06/2017 | Rubenstein, Alan M. |

Order Filed

And Now, this 6th day of June, 2017, counsel for the defendant shall provide a written Certification specifying their "Qualifications for Defense Counsel in Captial Cases" in accordance with PA Rule of Criminal Procedure 801.

Included with this Certification shall be documentary confirmation that counsel for the defendant have completed a "minimum of 18 hours of training relevant to representation in capital cases, as provided by the Pennsylvania Continuing Legal Education Board."

It is also Ordered that counsel for the defendant shall file a written Waiver of the Defendant's Right to a Speedy Trial.

The Original of the Certifications and the written Waiver of the Defendant's Rights to a Speedy Trial shall be filed with the Clerk of Courts, Criminal Division, and copies shall be sent to the Attorneys for the Commonwealth and this Court.

| 2 | 06/06/2017 | 06/06/2017 | Rubenstein, Alan M. |

Order Scheduling Trial

And Now, this 6th day of June, 2017, the Trial in this matter is scheduled for: TUESDAY, OCTOBER 10, 2017 at the Bucks County Justice Center (Courtroom to be determined), 100 North Main Street, Doylestown, OA 18901.

The Sheriff of Bucks County is directed to transport the defendant to the Bucks County Justice Center for Trial.

In compliance with the cooperation agreement relating to conflicts of counsel in the Five-County Southeastern Area, including the United States District Court for the Eastern District of Pennsylvania, the Court Administrator for Bucks County is directed to notify these courts of your attachment in Bucks County for these Special listings.

Bucks County Court Administration
06/08/2017          E-Mail
Bucks County District Attorney's Office
06/08/2017          E-Mail

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 33 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| Bucks County Sheriff | | | |
| 06/08/2017 | E-Mail | | |

| | | | |
|---|---|---|---|
| 3 | 06/06/2017 | | Jonas, Charles D. |
| Motion For Sealed Order | | | |
| walked through for signature | | | |

| | | | |
|---|---|---|---|
| 1 | 06/08/2017 | | Court of Common Pleas – Bucks County |
| Notice Returned as Undeliverable | | | |
| Trial 10/10/17 Notice - Defendants copy | | | |

| | | | |
|---|---|---|---|
| 2 | 06/08/2017 | | Jonas, Charles D. |
| Sealed Entry | | | |

| | | | |
|---|---|---|---|
| 1 | 06/13/2017 | 06/12/2017 | Rubenstein, Alan M. |
| Sealed Entry | | | |

| | | | |
|---|---|---|---|
| 1 | 06/14/2017 | | Bateman, Wallace H. Jr. |
| Sealed Entry | | | |

| | | | |
|---|---|---|---|
| 1 | 06/26/2017 | | Jonas, Charles D. |
| Rule 600 Waiver | | | |

| | | | |
|---|---|---|---|
| 1 | 09/05/2017 | | Genovese, Francis John |
| Motion for Continuance | | | |
| fwd to court | | | |

| | | | |
|---|---|---|---|
| 2 | 09/05/2017 | | Bucks County District Attorney |
| Motion for Return of Exhibits | | | |
| fwd to court | | | |

| | | | |
|---|---|---|---|
| 1 | 09/06/2017 | | Jonas, Charles D. |
| Letter from Attorney Regarding Motion for Continuance/Certificate of Service | | | |
| Fwd to court with copy of Motion | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Alfonso Sanchez

Page 34 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/07/2017 | | Bucks County District Attorney's Office |

Notice of Intent to Call Expert Witness

| 2 | 09/07/2017 | | Bucks County District Attorney's Office |

Discoverable materials (cover letter only)

| 1 | 09/13/2017 | 09/12/2017 | Rubenstein, Alan M. |

Order Denying Motion for Continuance

And Now, this 12th day of September, 2017, the defendant's request for a continuance is DENIED.
On June 6, 2017, this Court entered a written Order scheduling trial for Tuesday, October 10, 2017 and continuing thereafter for a three week period. This date was pre-approved by all counsel after a meeting with the Court.
Furthermore, this case was scheduled in compliance with the Cooperation Agreement relating to conflicts of counsel in the five-county Southeastern region, including the United States District Court for the Eastern District of Pennsylvania.

| 2 | 09/13/2017 | 09/12/2017 | Rubenstein, Alan M. |

Order Directing Release of Exhibits

And Now, this 12th day of September, 2017, the Bucks County Clerk of Courts is directed to release the following exhibits from the 2008 trial in the above-captioned case to the custody and control of the Warminster Police Department to be maintained by that Department as evidence in the instant matter:
C-10, C-35, C-36, C-37, C-38 to C-44, C-45, C-49, C-50, C-60, C-56, C-58, C-59, C-62, C-70 to C-72, C-73 to C-81, C-86, C-87, C-88, C-89, C-90, C-91, C-92, C-93, C-94, C-95, DS-4

| 1 | 09/21/2017 | | Jonas, Charles D. |

Motion for Continuance
Walked through

| 1 | 09/22/2017 | | Finley, Jeffrey L. |

Order Granting Motion for Writ of Habeas Corpus - Ad Testificandum

| 1 | 09/25/2017 | | Bucks County District Attorney's Office |

Motion in Limine
fwd to court

| 1 | 09/26/2017 | | Bucks County District Attorney's Office |

Commonwealth's Requested Points for Charge

| 2 | 09/26/2017 | | Bucks County District Attorney's Office |

Answer in Response to Defendant's Subsequent Motion for Continuance and Hearing

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 35 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/28/2017 | 09/27/2017 | Rubenstein, Alan M. |

Order Denying Defendant's Subsequent Motion for Continuance and Hearing

And Now, this 27th day of September, 2017, the "Defendant's Subsequent Motion for Continuance and Hearing" is DENIED.
The trial in this mater will proceed as scheduled on October 10, 2017.

| 2 | 09/28/2017 | | Jonas, Charles D. |

Motion Seeking Authorization to Hire a Mitigation Expert Under Seal
  Walked through

| 1 | 09/29/2017 | | Bateman, Wallace H. Jr. |

Sealed Entry
Bucks County District Attorney
09/29/2017
Jonas, Charles D.
09/29/2017

| 1 | 10/02/2017 | | Bucks County District Attorney's Office |

Notice of Intent to Call Expert Witness
Genovese, Francis John
10/03/2017
Rubenstein, Alan M.
10/03/2017

| 2 | 10/02/2017 | | Bucks County District Attorney's Office |

Discoverable materials (cover letter only)

| 1 | 10/03/2017 | | Bucks County District Attorney's Office |

Notice of Intent to Call Expert Witness

| 1 | 10/04/2017 | | Jonas, Charles D. |

Defendant's Second Subsequent Motion for Continuance and Hearing
  Walked through for signature

| 2 | 10/04/2017 | | Jonas, Charles D. |

Sealed Entry

| 1 | 10/05/2017 | | Bucks County District Attorney's Office |

Commonwealth's Proposed Voir Dire Questions

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## COURT OF COMMON PLEAS OF BUCKS COUNTY

### DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 36 of 43

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 10/05/2017 | | Bucks County District Attorney's Office |
| Commonwealth's Supplemental Motions in Limine | | | |
| 1 | 10/11/2017 | | Bucks County District Attorney's Office |
| Answer in Opposition to Defendant's Motion to Dismiss on Double Jeopardy Grounds | | | |
| 2 | 10/11/2017 | | Rubenstein, Alan M. |
| Pre-Trial Hearing Held | | | |
|    Defendant remanded to the custody of the Sheriff | | | |
|    Double Jeopardy Motion - DENIED | | | |
|    Awaiting for Appeal to be filed | | | |
|    Proceeding held in Abetance. | | | |
| 3 | 10/11/2017 | | Court of Common Pleas - Bucks County |
| Exhibits Filed | | | |
| 1 | 10/13/2017 | | Genovese, Francis John |
| Notice of Appeal to the Superior Court | | | |
|   From order entered 10/11/17. | | | |
| Superior Court of Pennsylvania - Eastern District | | | |
| 10/16/2017 | First Class | | |
| 2 | 10/13/2017 | | Genovese, Francis John |
| Order for Transcripts | | | |
| 3 | 10/13/2017 | | Gambardella, Thomas Gary |
| Verification of Continuing Status In Forma Pauperis | | | |
| 1 | 10/17/2017 | | Court of Common Pleas - Bucks County |
| Exhibits Filed | | | |
|   Voir Dire Seating Report 10/10/17 | | | |
| 1 | 10/20/2017 | 10/20/2017 | Bateman, Wallace H. Jr. |
|  Sealed Entry | | | |
| Bucks County Controller's Office | | | |
| 10/20/2017 | | | |

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 37 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Jonas, Charles D.
  10/20/2017

| 1 | 10/23/2017 | | Superior Court of Pennsylvania - Eastern District |

Docketing Statement from Superior Court
  3368 EDA 2017

| 1 | 10/26/2017 | | Jonas, Charles D. |

  Sealed Entry

| 1 | 11/03/2017 | | Jonas, Charles D. |

Concise Statement of the Matters Complained on Appeal

| 1 | 11/08/2017 | 11/08/2017 | Bateman, Wallace H. Jr. |

  Sealed Entry
Jonas, Charles D.
  11/08/2017

| 1 | 11/22/2017 | | Jonas, Charles D. |

  Sealed Entry

| 1 | 11/29/2017 | 11/28/2017 | Bateman, Wallace H. Jr. |

  Sealed Entry
Jonas, Charles D.
  11/29/2017

| 1 | 12/20/2017 | 12/20/2017 | Rubenstein, Alan M. |

  Opinion
Bucks County Court Administration
  12/20/2017
Bucks County District Attorney
  12/20/2017
Genovese, Francis John
  12/20/2017
Jonas, Charles D.
  12/20/2017

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 38 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Superior Court of Pennsylvania -
Eastern District
  12/20/2017

Supreme Court of Pennsylvania -
Middle District
  12/20/2017

---

| 2 | | 12/20/2017 | | Court of Common Pleas - Bucks County |

Service of the List of Record Documents Filed
  4 Boxes Sent to Superior Court.

Bucks County District Attorney
  12/20/2017      E-Mail
Genovese, Francis John
  12/20/2017      First Class
Jonas, Charles D.
  12/20/2017      First Class
Rubenstein, Alan M.
  12/20/2017      Interoffice
Superior Court of Pennsylvania -
Eastern District
  12/20/2017      First Class
Superior Court of Pennsylvania -
Eastern District
  12/20/2017      First Class
Superior Court of Pennsylvania -
Eastern District
  12/20/2017      First Class
Superior Court of Pennsylvania -
Eastern District
  12/20/2017      First Class

---

| 3 | | 12/20/2017 | | Court of Common Pleas - Bucks County |

Certificate and Transmittal of Record to Appellate Court

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Alfonso Sanchez

Page 39 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 12/20/2017 | | Court of Common Pleas - Bucks County |

Complete Record Sent to Appellate Court

---

| 1 | | 12/21/2017 | | Court of Common Pleas - Bucks County |
|---|---|---|---|---|

Supplemental Record Sent to Appellate Court
*    Exhibits
o    Court-1
o    D-1, D-2, D-3, D-4, D-5

Bucks County District Attorney
   12/21/2017      E-Mail
Gambardella, Thomas Gary
   12/21/2017      First Class
Jonas, Charles D.
   12/21/2017      First Class
Rubenstein, Alan M.
   12/21/2017      Interoffice
Superior Court of Pennsylvania -
Eastern District
   12/21/2017      First Class

---

| 1 | | 01/04/2018 | | Sanchez, Alfonso |
|---|---|---|---|---|

Case Correspondence
   To file.

---

| 1 | | 01/11/2018 | | Bucks County Court Reporter |
|---|---|---|---|---|

Trans filed for october 10, 2017 original & 2 copies filed by Denise Fedele-VanWhy (102 pages)
   Mandamus signed 1/12/2018

Pa Board Of Probation & Parole
   01/11/2018
Sanchez, Alfonso
   01/11/2018

---

| 2 | | 01/11/2018 | | Bucks County Court Reporter |
|---|---|---|---|---|

Trans filed for October 11, 2017 original & 2 copies filed by Denise Fedele-VanWhy (234 pages)
   Mandamus signed 1/12/2018

Pa Board Of Probation & Parole
   01/11/2018
Sanchez, Alfonso

---

CPCMS 9082

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 40 of 43

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
| --- | --- | --- | --- |
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 01/11/2018 | | | |

| | | | |
| --- | --- | --- | --- |
| 1 | 01/25/2018 | | Court of Common Pleas - Bucks County |
| Supplemental Record Sent to Appellate Court | | | |
| Bucks County District Attorney | | | |
| 01/25/2018 | E-Mail | | |
| Genovese, Francis John | | | |
| 01/25/2018 | First Class | | |
| Jonas, Charles D. | | | |
| 01/25/2018 | First Class | | |
| Rubenstein, Alan M. | | | |
| 01/25/2018 | Interoffice | | |
| Superior Court of Pennsylvania - Eastern District | | | |
| 01/25/2018 | First Class | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 41 of 43

## PAYMENT PLAN SUMMARY

| Payment Plan No | Payment Plan Freq. | | Next Due Date | Active | | Overdue Amt |
|---|---|---|---|---|---|---|
| Responsible Participant | | | | Suspended | | Next Due Amt |
| 09-2008-P000016164 | Single Payment | | 10/22/2038 | Yes | | $0.00 |
| Sanchez, Alfonso | | | | No | | $622.20 |

| Payment Plan History: | Receipt Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|
| | 01/07/2009 | Payment | | | $23.34 |
| | 01/09/2009 | Payment | | | $58.35 |
| | 06/15/2009 | Payment | | | $10.00 |
| | 06/19/2009 | Payment | | | $20.00 |
| | 07/20/2009 | Payment | | | $11.50 |
| | 07/21/2009 | Payment | | | $23.00 |
| | 11/17/2009 | Payment | | | $15.16 |
| | 11/18/2009 | Payment | | | $60.00 |
| | 12/15/2009 | Payment | | | $0.29 |
| | 01/21/2010 | Payment | | | $3.02 |
| | 02/16/2010 | Payment | | | $2.59 |
| | 03/09/2010 | Payment | | | $16.17 |
| | 04/15/2010 | Payment | | | $5.74 |
| | 05/06/2010 | Payment | | | $2.74 |
| | 06/15/2010 | Payment | | | $19.31 |
| | 07/12/2010 | Payment | | | $23.17 |
| | 08/13/2010 | Payment | | | $2.88 |
| | 11/09/2010 | Payment | | | $47.17 |
| | 12/14/2010 | Payment | | | $7.02 |
| | 01/06/2011 | Payment | | | $46.88 |
| | 02/16/2011 | Payment | | | $6.74 |
| | 05/25/2011 | Payment | | | $61.02 |
| | 06/27/2011 | Payment | | | $45.37 |
| | 01/15/2015 | Payment | Bucks County District Attorne | Payor | $373.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso  Sanchez

Page 42 of 43

## CASE FINANCIAL INFORMATION

Last Payment Date:  01/15/2015                    Total of Last Payment: -$373.00

**Sanchez, Alfonso**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Bucks Co. Witness Fee (Bucks) | $11.44 | -$11.44 | $0.00 | $0.00 | $0.00 |
| Bucks Co. Witness Fee (Bucks) | $3.34 | -$3.34 | $0.00 | $0.00 | $0.00 |
| Bucks Co. Witness Fee (Bucks) | $6.68 | -$6.68 | $0.00 | $0.00 | $0.00 |
| State Court Costs (Act 204 of 1976) | $11.75 | -$9.19 | $0.00 | $0.00 | $2.56 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $17.60 | -$13.77 | $0.00 | $0.00 | $3.83 |
| County Court Cost (Act 204 of 1976) | $25.65 | -$20.06 | $0.00 | $0.00 | $5.59 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | -$35.00 | $0.00 | $0.00 | $0.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | -$7.82 | $0.00 | $0.00 | $2.18 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | -$25.00 | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund | $5.00 | -$3.91 | $0.00 | $0.00 | $1.09 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | -$195.48 | $0.00 | $0.00 | $54.52 |
| Law Library (Bucks) | $10.00 | -$10.00 | $0.00 | $0.00 | $0.00 |
| Sheriff Fee (Bucks) | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Automation Fee (Bucks) | $5.00 | -$5.00 | $0.00 | $0.00 | $0.00 |
| Admin Fee (Bucks) | $27.00 | -$27.00 | $0.00 | $0.00 | $0.00 |
| Information Service Fee (Bucks) | $3.00 | -$3.00 | $0.00 | $0.00 | $0.00 |
| Costs of Prosecution - CJEA | $50.00 | -$39.07 | $0.00 | $0.00 | $10.93 |
| Transportation Fee (Bucks) | $211.44 | -$211.44 | $0.00 | $0.00 | $0.00 |
| Transportation Fee (Bucks) | $127.14 | -$127.14 | $0.00 | $0.00 | $0.00 |
| Transportation Fee (Bucks) | $34.82 | -$34.82 | $0.00 | $0.00 | $0.00 |
| Transportation Fee (Bucks) | $60.37 | -$60.37 | $0.00 | $0.00 | $0.00 |
| Transportation Fee (Bucks) | $19.93 | -$19.93 | $0.00 | $0.00 | $0.00 |
| Transportation Fee (Bucks) | $78.29 | $0.00 | $0.00 | $0.00 | $78.29 |
| Transportation Fee (Bucks) | $40.76 | $0.00 | $0.00 | $0.00 | $40.76 |
| Transportation Fee (Bucks) | $81.58 | $0.00 | $0.00 | $0.00 | $81.58 |
| Transportation Fee (Bucks) | $63.98 | $0.00 | $0.00 | $0.00 | $63.98 |
| Transportation Fee (Bucks) | $130.92 | $0.00 | $0.00 | $0.00 | $130.92 |
| Transportation Fee (Bucks) | $42.56 | $0.00 | $0.00 | $0.00 | $42.56 |
| Transportation Fee (Bucks) | $92.77 | $0.00 | $0.00 | $0.00 | $92.77 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY

## DOCKET



**Docket Number: CP-09-CR-0001136-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Alfonso Sanchez

Page 43 of 43

## CASE FINANCIAL INFORMATION

**Sanchez, Alfonso**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| Bucks Co. Witness Fee (Bucks) | $10.64 | $0.00 | $0.00 | $0.00 | $10.64 |
| Costs/Fees Totals: | $1,506.66 | -$884.46 | $0.00 | $0.00 | $622.20 |
| Grand Totals: | $1,506.66 | -$884.46 | $0.00 | $0.00 | $622.20 |

** - Indicates assessment is subrogated

Printed: 06/27/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.